THE STATE OF OHIO, APPELLEE, *v.*
BIRTH, APPELLANT.

(No. 1752—Decided
August 3, 1987.)

*John J. Plough,* prosecuting attorney, and *Paul Cushion,* for appellee.
*Paul M. Earle,* for appellant.

FORD, P.J. Appellant, Judy A. Birth, claims that the trial court erred in not granting her motion to suppress the evidence of her breath test, asserting that the test results were inaccurate because appellant had applied lipstick to her lips during the twenty-minute observation period. This argument is predicated upon the BAC Verifier Test Report Form, issued by the Department of Health, which requires that a subject be observed for twenty minutes, prior to the test's administration, to prevent oral intake of any material. Ohio Adm. Code 3701-53-02. Appellant argues that the rationale underlying the observation period is purgative, and that the subject should not be permitted to ingest substances that would interfere with accurate testing of the amount of alcohol in the blood system.

Apparently, there is no Ohio case law dealing with the issue of what constitutes "oral intake" for purposes of submitting to a breathalyzer test, although sister jurisdictions have had occasion to examine the question. See, *e.g., State* v. *Clark* (La. 1984), 446 So. 2d 293; *State* v. *Corrales* (App. 1982), 135 Ariz. 105, 659 P. 2d 658. None of the cases cited by appellant from other states has involved application of cosmetic lipstick to the lips of the subject during the observation period preceding the actual breath test. Hence, it is appropriate to refer to a medical lexicon as an interpretive aid.

In Dorland's Illustrated Medical Dictionary (26 Ed. 1981) the following definitions are found:

"lip * * * 1. either the upper or lower fleshy margin of the mouth, together called *labia oris* * * *." *Id.* at 748.

"mouth * * * An opening or aperture. Specifically, the anterior or proximal opening of the alimentary canal, which is bounded anteriorly by the lips * * *." *Id.* at 839.

"intake * * * the substances, or the quantities thereof, taken in and utilized by the body * * *." *Id.* at 671.

Further, Webster's Ninth New Collegiate Dictionary (1983) defines the pertinent terms as follows:

"oral * * *2a: of, given through, or involving the mouth b: being on or relating to the same surface as the mouth * * *." *Id.* at 829.

"intake * * * 1: an opening through which fluid enters an en-

closure 2a: a taking in * * * something * * * taken in * * *." *Id.* at 628.

As indicated by the above definitions, "oral intake" can only be construed to mean the taking *in* of something through the mouth or buccal cavity. Further, and within the context of the relevant health regulation, in order for there to be "oral intake," material must be orally ingested in such a manner that it would be digested and pass into the blood stream, or received into the respiratory system and interact with alveolar air so as to have an effect on the breath test result. See, *e.g., State* v. *Durdel* (Aug. 23, 1985), Sandusky App. No. S-85-11, unreported.

In the present action, appellant does not allege that she put the lipstick in her mouth, or that she ingested the lipstick into her system. Rather, appellant's argument that her motion to suppress should have been granted is based on her actions in placing lipstick *on* her lips. Since appellant has failed to establish, by argument or evidence, that the application of lipstick to the lips affects the validity of the breathalyzer test result, the trial court did not err in overruling the motion to suppress.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Cook and Christley, JJ., concur.