**The STATE of Ohio, Appellee,**

v.

**KAUFFMAN, Appellant.**

[Cite as *State v. Kauffman* (1995), 106 Ohio App.3d 831.]

Court of Appeals of Ohio,
Twelfth District, Brown County.

No. CA95–03–004.

Decided Oct. 16, 1995.

*R. Alan Corbin,* Brown County Prosecuting Attorney, and *C. Nicholas Ring,* Assistant Prosecuting Attorney, for appellee.

*Thomas F. Grennan,* for appellant.

WILLIAM W. YOUNG, Judge.

Defendant-appellant, James G. Kauffman, appeals his conviction for driving under the influence of alcohol in violation of R.C. 4511.19(A)(3).

On August 27, 1993, appellant was stopped by Ohio State Highway Patrolman D.L. Hopkins for a traffic violation. Hopkins detected an odor of alcohol and requested that appellant perform several field sobriety tests. Appellant was subsequently arrested for driving under the influence of alcohol and transported to the Brown County Sheriff's office where he submitted to a breath test on a "BAC Datamaster" breath testing instrument. Appellant's breath was found to contain .213 grams of alcohol per two hundred ten liters of breath, above the *per se* limit, in violation of R.C. 4511.19(A)(3).

Appellant filed a motion to suppress all evidence including the results of the breath test and the trial court overruled his motion. Appellant now appeals setting forth the following assignment of error:

"The trial court below abused its discretion in finding substantial compliance and overruling the defendant's suppression motion where the state failed to produce any creditable [*sic*] evidence of proper calibration of the breath testing instrument used."

R.C. 4511.19 requires that the analysis of bodily substances shall be conducted in accordance with the methods approved by the Ohio Director of Health as prescribed by Ohio Adm.Code 3701–53–04. In order to comply with Ohio Adm.Code 3701–53–04(A), the breath analyzer must be calibrated no less frequently than once every seven days by using the applicable calibration checklist set forth in Appendices A–G.

"Before the results of a breathalyzer test given an accused are admissible in evidence against him, it is incumbent upon the state to show that the instrument was in proper working order * * *." *Cincinnati v. Sand* (1975), 43 Ohio St.2d 79, 72 O.O.2d 44, 330 N.E.2d 908, paragraph one of the syllabus. The result of a breathalizer test which has been administered pursuant to R.C. 4511.19 may only be admitted into evidence if the bodily substance has been analyzed in accordance with methods approved by the Director of Health. *Id.* at paragraph two of the syllabus.

The Ohio Supreme Court has held that "[r]igid compliance with Department of Health regulations in regard to alcohol testing [is] not necessary in order for test results to be admissible * * *," and that "[t]here is leeway for substantial, though not literal compliance with such regulations * * *." *State v. Plummer* (1986), 22 Ohio St.3d 292, 294, 22 OBR 461, 464, 490 N.E.2d 902, 904. In order to comply with the Ohio Department of Health testing procedures found in

the Administrative Code, both the general requirements of Ohio Adm.Code 3701–53–04 and the more specific testing procedures found in the appendices must be followed to ensure the accuracy of the testing machine. See *State v. Allen* (May 8, 1995), Clinton App. No. CA94–10–028, unreported, 1995 WL 264864; *State v. Massie* (Apr. 11, 1994), Clinton App. No. CA93–07–018, unreported, 1994 WL 123797.

If the state were only required to follow the general requirements of the Administrative Code and were permitted to ignore the specific procedures set forth in the appendices, the goal of statewide uniformity in testing the accuracy of breath-testing equipment used to measure the level of alcohol in a person's blood would be frustrated. *State v. Stahler* (Oct. 11, 1990), Franklin App. Nos. 88AP–1157 and 88AP–1158, unreported, 1990 WL 152901.

A review of the record indicates that Senior Operator Michael Davis of the Ohio State Highway Patrol, who conducted the test, failed to properly complete the Datamaster calibration checklist as mandated by Ohio Adm.Code 3701–53–04(A). At the suppression hearing, the state introduced the BAC Datamaster calibration checklist into evidence. The checklist failed to indicate a target value for the calibration test conducted and was incomplete; only one of four steps required to be completed by the Ohio Administrative Code was checked off as having been completed. The state introduced an Ohio Department of Health certificate of approval for the calibration solution, along with the evidence ticket printed by the BAC Datamaster machine indicating the results of the calibration test, in an attempt to show that all of the steps required by the BAC Datamaster calibration checklist had been completed.

The state maintains that the calibration solution approval and the evidence ticket indicate that the remaining three steps were completed because, had they not been completed, the BAC Datamaster machine could not have produced the evidence ticket. The state should persuade the Director of Health to rewrite Ohio Administrative Code regulations pertaining to analysis of bodily substances if this manner of proving calibration can be deemed sufficient. See *State v. Pedigo* (June 27, 1989), Franklin App. Nos. 89AP–120, 89AP–121, 89AP–124, 89AP–126 and 89AP–127, unreported, 1989 WL 71619. We do not believe that checking only one of four boxes on the BAC Datamaster calibration checklist and failing to record a target value as required by Ohio Adm.Code 3701–53–04(A) constitutes "substantial compliance." See *Plummer, supra.* As this court has stated, "[R].C. 4511.19(A)(3) is a strict liability statute in which the accuracy of the breath-test results are of paramount importance." See *Allen* at 4; *Massie* at 3. Accordingly, appellant's sole assignment of error is sustained.

Appellant's conviction for violating R.C. 4511.19(A)(3) is reversed and this cause is remanded for further proceedings consistent with this opinion.

*Judgment accordingly.*

WALSH, P.J., and POWELL, J., concur.