The STATE of Ohio, Appellee,

v.

WEBB, Appellant.

[Cite as *State v. Webb* (1997), 120 Ohio App.3d 56.]

Court of Appeals of Ohio,
Seventh District, Belmont County.

No. 95 BA 36.

Decided June 17, 1997.

*Patricia Jones–Estadt,* Belmont County Assistant Prosecuting Attorney, for appellee.

*John H. Rion,* for appellant.

WAITE, Judge.

Defendant-appellant, Kari Jo Webb, appeals from a judgment of the Western Division County Court, Belmont County, where she pleaded no contest and was convicted of her second offense of driving under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1). Based on the record presented, this court affirms the decision of the trial court.

On February 12, 1995, appellant was arrested and charged with DUI, resisting arrest pursuant to R.C. 2921.33 and driving left of center in violation of R.C. 4511.25. Appellant pleaded not guilty and filed a motion to suppress evidence, which was heard on May 1, 1995. The trial court overruled appellant's motion and she subsequently pleaded no contest to second-offense DUI on June 13, 1995. The state dismissed the other two charges.

Appellant presents one assignment of error here. Appellant claims that the trial court erred in overruling her motion to suppress, as the arresting officer had no reasonable suspicion to stop her vehicle on the night of February 12, 1995. Appellant claims that her driving on that night was not so erratic as to warrant a reasonable police officer to believe that he or she was justified in stopping the vehicle. Appellant claims that her actions on that night amounted only to "minor traffic violations." The facts as found in the record of the hearing on the motion to suppress show otherwise.

Officer Jeff Henry testified that he observed a vehicle being driven by appellant eastbound on Newell Avenue. The officer stated that the vehicle appeared to be exceeding the posted speed limit and was left of center. Officer Henry, who had been travelling west on Newell Avenue, began to follow appellant's car. He testified that appellant's vehicle turned onto Marietta Street where it stopped for a red light. On pulling behind appellant's car, Officer Henry observed appellant apparently striking the passenger inside the vehicle. When the light changed, Appellant accelerated at a high rate of speed going south on Marietta. Appellant "split" the center line, that is, she crossed the center by at least half her car's width and turned at a high rate of speed onto Woodrow Avenue, cutting the turn short. Once on Woodrow, appellant's car drove down the center of the street until making yet another high speed turn onto South Market Street, again cutting short the turn. The officer testified that he knew all of the turns were made at speeds over the posted limit because he himself was exceeding the speed limit just to keep up with her. At no time did appellant use her signals for any turn.

Appellant's initial statement of the law is correct: in order to justify a stop of her vehicle, the officer must have an "articulable and reasonable" belief that its occupant may be violating the law. *Delaware v. Prouse* (1979), 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660, 673. Further, the reviewing court must view the facts in light of the totality of the circumstances. *State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489.

In the present matter, the trial court was faced with a situation where, if the officer's testimony is credible, the record reflects that appellant well surpassed mere minor traffic violations. There was some evidence of speeding, erratic driving, traffic violations and a question at least of other erratic behavior within the car. Based upon Officer Henry's testimony in its entirety, it would appear that sufficient articulable and reasonable suspicion existed to stop appellant's vehicle. Once she was stopped, it is undisputed by the parties that the events and procedures that followed and led up to appellant's arrest are correct.

The issue of credibility of a witness is left to the trier of fact. The trial court found Officer Henry's testimony to be believable. This court will not second guess the trial court in credibility issues.

For all of the foregoing, we find that the single assignment of error advanced by appellant is without merit.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

GENE DONOFRIO and COX, JJ., concur.