The STATE of Ohio, Appellee,

v.

WILLIS, Appellant.

[Cite as *State v. Willis* (1999), 131 Ohio App.3d 646.]

Court of Appeals of Ohio,
Seventh District, Belmont County.

No. 96–BA–61.

Decided May 18, 1999.

*Frank Pierce*, Belmont County Prosecuting Attorney, and *Helen Yonak*, Assistant Prosecuting Attorney, for appellee.

*Thomas, Fregiato, Myser, Hanson & Davies* and *Albert Davis III*, for appellant.

WAITE, Judge.

This appeal arises out of a trial court judgment sentencing appellant, Melody Willis, upon her plea to a charge of driving under the influence of alcohol in violation of R.C. 4511.19. The court also fined appellant for having an open container, driving left of center, and failing to fasten her seat belt. Appellant challenges the breath alcohol testing methods and test results used against her. For the following reasons, this court affirms the lower court judgment.

The facts establish that on April 22, 1996, at 1:12 a.m., Trooper Gary Wright stopped appellant and issued her citations for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and (A)(3), driving left of center in

violation of R.C. 4511.25, having an open container in violation of R.C. 4301.62, and failing to wear a seat belt in violation of R.C. 4513.263.

The record reflects that Trooper Wright left the scene with appellant in his vehicle at 1:57 a.m. and administered the BAC DataMaster test at the patrol post at 2:10 a.m. Appellant claims that she smoked two cigarettes before the breath alcohol test and provided four breath samples with the same mouthpiece before the testing instrument finally registered a result. The citation issued under R.C. 4511.19(A)(3) showed that the instrument registered appellant's breath alcohol content at .241 percent.

On July 23, 1996, appellant filed a motion to dismiss and/or suppress the testing results arguing a number of issues, including a challenge to the validity of the breath results due to failure to comply with applicable Ohio Department of Health Regulations. On August 6, 1996, the trial court overruled appellant's motion.

On August 16, 1996, appellant filed another motion to suppress the breath-alcohol content test based upon new authority found in *State v. Kauffman* (1995), 106 Ohio App.3d 831, 667 N.E.2d 443. Appellant argued that the senior operator failed to comply with the Ohio Department of Health regulations regarding proof of calibration when he failed to complete the calibration checklist in full by failing to write in the test results from the BAC DataMaster.

On August 22, 1996, the trial court overruled appellant's motion and found substantial compliance with the applicable regulations. The court distinguished *State v. Kauffman* by finding that the operating officer in the instant case substantially complied with regulations by checking all of the applicable boxes on the calibration checklist form and providing a target value, while the officer in *Kauffman* only checked one of the four boxes on the checklist form and failed to record the target value of the machine.

On October 1, 1996, appellant withdrew her former plea of not guilty and entered a no contest plea to all of the charges. Appellant preserved her right to appeal the decision on her motion to suppress. For violating R.C. 4511.19(A)(1) and (3), the court sentenced appellant to thirty days in jail and suspended twenty days on the condition that she not violate any traffic laws for two years and receive an evaluation from Crossroads counseling. The court also imposed a fine of $1,000 and court costs. The court imposed additional fines on the other violations.

On October 29, 1996, appellant filed a notice of appeal and filed a motion for stay of execution of sentence. The trial court granted the stay upon specified conditions.

In her first assignment of error on appeal, appellant complains:

"The trial court erred to the prejudice of the appellant when it overruled her motion to suppress the breath–alcohol content test as said test was not administered within substantial compliance of the requirement that a subject be observed for twenty (20) minutes prior to testing to prevent oral intake of any material."

Appellant argues that Ohio Adm.Code 3701–53–02 requires that a subject must be observed for twenty minutes prior to a breath alcohol test to prevent oral ingestion of any material that may skew the test results. Appellant alleges that the state failed to prove substantial compliance with this requirement and that she smoked cigarettes during this period. Appellant maintains that Trooper Wright only observed her for thirteen minutes prior to the breath alcohol test and cites his testimony that he left the scene with appellant in his car at 1:57 a.m. and the BAC DataMaster test was administered at 2:10 a.m.

In reviewing a motion to suppress, an appellate court is to determine whether the court's findings are supported by competent, credible evidence. *State v. Winand* (1996), 116 Ohio App.3d 286, 288, 688 N.E.2d 9, 11 citing *Tallmadge v. McCoy* (1994), 96 Ohio App.3d 604, 608, 645 N.E.2d 802, 804–805. The issue of credibility of a witness is left to the trier of fact and we will not second guess the trial court on credibility issues. *State v. Webb* (1997), 120 Ohio App.3d 56, 58, 696 N.E.2d 655, 655–656.

Appellant is correct that a subject must be observed for twenty minutes prior to the administration of the BAC DataMaster testing device to prevent oral ingestion of any material. See Ohio Adm.Code 3701–53–02(B); Ohio Adm.Code 3701–53–02, Appx. B. This court has reaffirmed the strict observation requirement when we held that the arresting officer was required to observe the appellant for the twenty-minute period or risk having the test results ruled inadmissible. *State v. Lloyd* (1998), 126 Ohio App.3d 95, 106–107, 709 N.E.2d 913, 921, citing *State v. Fraley* (1991), 77 Ohio App.3d 104, 601 N.E.2d 108 and *State v. Strock* (Aug. 30, 1993), Columbiana App. No. 93–C–35, unreported, 1993 WL 343119.

In *Bolivar v. Dick* (1996), 76 Ohio St.3d 216, 667 N.E.2d 18, the Ohio Supreme Court held that the arresting officer's thirty-minute observation of the appellant and the testing officer's sixteen-minute observation of the appellant prior to conducting the BAC test fulfilled the twenty-minute observation requirement. *Id.* at 218, 667 N.E.2d at 19–20. In allowing substantial compliance with Ohio Adm.Code 3701–53–02, the court relied on its prior holding in *State v. Plummer* (1986), 22 Ohio St.3d 292, 22 OBR 461, 490 N.E.2d 902 and held that "when two or more officers, one of whom is a certified operator of the BAC Verifier, observe a defendant continuously for twenty minutes or more prior to the administration of a breath-alcohol test, the twenty-minute observation re-

quirement of the BAC Verifier operational checklist has been satisfied." *Bolivar,* 76 Ohio St.3d at 218, 667 N.E.2d at 20.

■ Sufficient competent and credible evidence existed in the record for the court to find that the twenty-minute observation period was satisfied and that appellant ingested no foreign substance during this time. Officer Wright testified that appellant did smoke cigarettes despite his admonishment. He also testified that appellant did not smoke within five minutes of their leaving the scene to go to the patrol post. When asked how he was so certain, Officer Wright testified that he waited in his patrol car with appellant "for a good while" for a tow truck for appellant's vehicle, and appellant did not smoke within this time period of at least fifteen minutes. This testimony establishes at least a twenty-minute observation period excluding the drive to the patrol post. Additionally, appellant herself testified that "approximately twenty to twenty-five minutes" elapsed between the time she smoked her last cigarette until they arrived at the patrol post. Appellant's first assignment of error is without merit.

In her second assignment of error, Appellant asserts that:

"The trial court erred to the prejudice of the appellant when it overruled her motion to suppress which alleged that the breath sample obtained by the arresting trooper was invalid and not an accurate representation of the appellant's breath–alcohol."

Appellant contends that her motion to suppress was erroneously overruled because the record established that she provided four different breath samples and that Officer Wright failed to change the "contaminated" mouthpiece and wait an additional time period for the residual mouth alcohol to dissipate. Appellant alleges that this resulted in a skewed increase in the results of the BAC DataMaster test.

Again, the standard of review is to determine whether the court's findings are supported by competent, credible evidence. *State v. Winand,* 116 Ohio App.3d at 288, 688 N.E.2d at 11 citing *Tallmadge v. McCoy,* 96 Ohio App.3d at 608, 645 N.E.2d at 804–805. Further, the issue of credibility of the witnesses is left to the trier of fact and we will not second guess the trial court on such issues. *State v. Webb,* 120 Ohio App.3d at 58, 696 N.E.2d at 655–656.

■ Trooper Wright testified that appellant did not provide several breath samples on the night in question. He affirmed that he was able to get a result after one test. When specifically asked if he started the test over again or if appellant provided more than one sample, Officer Wright stated "No. There would have had to been an invalid sample in order to do that." Officer Wright did testify that it was possible that appellant quit blowing halfway through the test and then started blowing again with the same mouthpiece, but he stated that

a valid sample was registered so there was no need to change the mouthpiece. Appellant herself testified that she did not remove her mouth from the device until after the first sample and that Officer Wright told her that the first sample "registered okay." However, appellant also stated that she had to provide three other samples after the first.

This issue was one of credibility of the witnesses and sufficient evidence existed through the officer's testimony to find that only one sample was taken which resulted in appellant's test result. Further, appellant offered no evidence to show that test results may vary when a subject stops blowing into the device and then starts blowing again after appellee established that a valid sample was obtained. Appellant's second assignment of error is without merit.

In her final assignment of error, appellant asserts:

"The trial court erred to the prejudice of the appellant when it ruled that the procedure the Ohio State Highway Patrol utilized to record calibration tests represented substantial compliance with Ohio Administered [*sic*] Code Section 3701–53–02."

■ Appellant complains that the trial court erroneously overruled her motion to suppress. She claims that because the BAC DataMaster operator did not write in the test result on the checklist, he failed to properly complete the calibration checklist. Appellant asserts that this is mandated by Ohio Adm.Code 3701–53–04(A). Ohio Adm.Code 3701–53–04(A) provides:

"A senior operator shall perform an instrument check on approved evidential breath testing instruments and a radio frequency interference (RFI) check no less frequently than once every seven days in accordance with the appropriate instrument checklist as set forth in appendices A to D to this rule. The instrument check may be performed anytime up to one hundred and ninety-two hours after the last instrument check."

The BAC DataMaster is an "approved evidential breath testing instrument." Ohio Adm.Code 3701–53–02(A).

■ In the instant case, the operator did not write in the test results on the front of the BAC DataMaster calibration checklist form. Appellant urges that *State v. Kauffman* (1995), 106 Ohio App.3d 831, 667 N.E.2d 443 applies because the operator's failure to write in the results on the checklist was not substantial compliance with the calibration regulations. While we agree with the holding in *Kauffman,* we do not believe that it applies in the instant case.

In *Kauffman,* the senior operator failed to indicate the target value for the calibration test and checked only one of four steps on the checklist as having been completed. The state introduced the incomplete checklist, an Ohio Department

of Health approval certificate for the calibration solution, and the evidence ticket from the BAC DataMaster showing the results of the calibration test in order to demonstrate that the steps mandated under the checklist were completed although not checked on the form.

The *Kauffman* court acknowledged that only substantial compliance with administrative regulations is necessary for alcohol test results to be admissible. 106 Ohio App.3d at 833, 667 N.E.2d at 444, quoting *State v. Plummer*, 22 Ohio St.3d at 294, 22 OBR at 462–464, 490 N.E.2d at 904–905. However, with regard to the case before it, the court found:

"We do not believe that checking only one of four boxes on the BAC Datamaster calibration checklist and failing to record a target value as required by Ohio Adm.Code 3701–53–04(A) constitutes 'substantial compliance.'" 106 Ohio App.3d at 834, 667 N.E.2d at 445.

We agree that the cumulative deficiencies in *Kauffman* constituted less than substantial compliance warranting suppression of the test results. However, we find *Kauffman* distinguishable from the case at bar. In the instant case, nearly all of the information required on the BAC DataMaster calibration checklist was completed, including checkmarks in all of the boxes indicating the steps taken to calibrate the testing instrument. The target value was also listed on the form. The only omission on the form was a handwritten indication of the test result. The operator attached a copy of the BAC DataMaster evidence ticket on the backside of the form. Thus, we find that substantial compliance was demonstrated.

Further, we adopt the holding of the Fourth District Court of Appeals that:

"Once the state has shown substantial compliance, the burden shifts to the defendant to demonstrate that he would be prejudiced by anything less than technical compliance." *State v. Brown* (1996), 109 Ohio App.3d 629, 632, 672 N.E.2d 1050, 1052. Appellant has not demonstrated that prejudice resulted from less than technical compliance. Since we find substantial compliance with the regulations and that appellant has failed to show prejudice resulting from less than absolute technical compliance, appellant's third assignment is without merit.

For all of the foregoing reasons, we find that the assignments of error advanced by Appellant are without merit. Accordingly, the trial court judgment is hereby affirmed.

*Judgment affirmed.*

GENE DONOFRIO and VUKOVICH, JJ., concur.