OPINION
Defendant-appellant Thomas A. Raley appeals the decision of the Columbiana County Southwest Area Court which overruled his motion to suppress evidence. For the following reasons, the trial court's order is affirmed.
On August 24, 1997 at approximately 1:00 a.m., appellant was stopped by Salem police for driving left of center. Officer Scott Shoaff testified that the handlebar of appellant's motorcycle nearly hit the mirror on the patrol car as appellant made a turn at a four-way stop. Officer Shoaff, who was driving, estimated that the motorcycle came within two to three inches of the patrol car. Officer Christopher Pierson, who was in the passenger seat, agreed that appellant's handlebar came very close and estimated a distance of six to eight inches.
After stopping appellant, Officer Shoaff noticed that appellant was having difficulty keeping his motorcycle steady and that appellant smelled of alcohol. During the administration of field sobriety tests, appellant allegedly admitted that he was drunk and told the officer to "bust" him. Appellant later submitted to a breathalyzer test which produced a .180 reading. Appellant was charged with driving under the influence, driving with an improper blood alcohol content, and driving left of center.
In October 1997, appellant filed a motion to suppress on two grounds: lack of reasonable suspicion to stop and obtaining statements in violation of appellant's right to counsel. At the November 19 suppression hearing, the court heard the testimony of appellant and the two officers and ruled against appellant. On December 12, 1997, appellant pled no contest to driving under the influence and driving left of center, reserving his right to appeal the trial court's ruling on his suppression motion. This appeal resulted.
Appellant's sole assignment of error contends:
 "THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE, FOR THE REASON THAT THERE WAS INSUFFICIENT EVIDENCE ADDUCED AT THE HEARING IN ORDER TO FIND THAT THERE WAS [sic] LEGAL GROUNDS TO ALLOW THE `STOP' OF THE DEFENDANT, AND SUCH A FINDING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
When reviewing a ruling on a motion to suppress, an appellate court basically defers to the trial court on factual issues such as witness credibility and then independently determines whether the trial court applied the correct legal standard. See State v.Webb (1997), 120 Ohio App.3d 56, 58. The applicable legal standard for determining whether a police officer was justified in making an investigatory stop is reasonable suspicion. City ofDayton v. Erickson (1996), 76 Ohio St.3d 3, 11-12. Specifically, a police officer makes a constitutionally valid stop of a vehicle if the officer has an articulable and reasonable suspicion that a traffic violation occurred. Id. This includes minor traffic violations. Id. This objective standard asks whether the facts available to the officer and any rational inferences taken therefrom would lead a person of reasonable caution to believe that a violation is occurring and an investigatory stop is appropriate. State v. Richardson (Dec. 16, 1998), Mahoning App. No. 94 CA 57, unreported, 2, citing Terry v. Ohio (1968),392 U.S. 1, 21-22.
Appellant argues that Officer Shoaff lacked a reasonable and articulable basis for making a traffic stop. Appellant complains that neither officer actually witnessed appellant cross the center line but that they both just assumed that he crossed it since he allegedly almost hit their patrol car. However, Officer Shoaff, who was driving the patrol car, testified that appellant's handlebar missed the driver side mirror by two to three inches. (Tr. 5). A rational inference could be made by the officer and by a person of reasonable caution that, in order to almost hit the patrol car's mirror, the handlebar of appellant's motorcycle must have crossed the center line. Appellant testified that he does not believe he drove left of center and that he does not remember seeing a police car sitting at the intersection where he turned. (Tr. 44). Apparently, in holding that there existed reasonable suspicion to stop, the trial court determined that Officer Shoaff's testimony was more credible. "At a suppression hearing, the evaluation of evidence and the credibility of witnesses are issues for the trier of fact." Statev. Smith (1997), 80 Ohio St.3d 89, 105.; State v. Mills (1992),62 Ohio St.3d 357, 366. Appellant cites State v. Drogi (Aug. 22, 1994), Belmont App. No. 93-B-14, unreported, where we held that testimony of insubstantial drifts across road lines without other evidence is insufficient to establish reasonable suspicion. This case is distinguishable from Drogi for in the case at bar there is testimony that appellant's motorcycle almost made contact with the patrol car. Id. at 4 (pointing out that relevant evidence includes erratic driving and other traffic which could be put in danger). See, also, State v. Winand (1996), 116 Ohio App.3d 286
(distinguishing Drogi on a similar basis).
Therefore, the two officers' testimony that appellant came very close to hitting their patrol car and the resulting rational inference that appellant crossed the center line constituted reasonable suspicion that a traffic violation occurred justifying an investigatory stop of appellant's motorcycle. There being some credible evidence in support of the conclusions of the trier of fact, we will not attempt to substitute our judgment or attempt to give greater weight to the testimony of appellant over that of the arresting police officer. Accordingly, appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Cox, P.J., concurs.
Waite, J., concurs.
APPROVED:
 _________________________ JOSEPH J. VUKOVICH, JUDGE