JOURNAL ENTRY AND OPINION
Appellant Charles R. Walters appeals from a judgment of the Garfield Heights Municipal Court denying his motion to suppress. Mr. Walters was found guilty of driving under the influence of alcohol in violation of R.C. 4511.19(A)(3). After careful review of the record, we reverse the judgment of the trial court and remand the cause for further proceedings.
The record presented to us on appeal reveals the following: On May 12, 1999, at approximately 7:44 p.m., Officer Brian Tobin of the Maple Heights Police Department observed Mr. Walters commit a number of traffic infractions in the City of Maple Heights. Consequently, Officer Tobin activated the overhead lights and siren on the police car and stopped Mr. Walter's vehicle.
Upon approaching the vehicle and speaking with Mr. Walters, Officer Tobin noticed that Mr. Walters seemed to be intoxicated. Mr. Walters was asked to perform three field sobriety tests, all of which he failed. Mr. Walters was placed under arrest and taken into custody. Mr. Walters was advised of his Miranda rights while in the police car as well as at the Maple Heights Police Department.
While at the police station, Mr. Walters retook the field sobriety tests, which he again failed. At approximately 8:42 p.m., Officer Tobin administered a breathalyzer test (BAC test) on Mr. Walters, which he failed with a result of 0.135. Consequently, Mr. Walters' license plates and driver's license were seized and he was charged with failure to wear a safety belt, failure to stop at a stop sign, and driving under the influence. On May 25, 1999, Mr. Walters was arraigned in the Garfield Heights Municipal Court whereupon a plea of not guilty was entered to all charges.
On June 21, 1999, Mr. Walters filed a motion to suppress in which he maintained that all evidence relating to his arrest for driving under the influence should be excluded for the following reasons: lack of probable cause for the initial stop; an improperly performed BAC test; and that the evidence was obtained in violation of his constitutional right against self-incrimination.
An evidentiary hearing on Mr. Walters's motion to suppress was conducted on March 20, 2000. No transcript is available. On April 6, 2000, the trial court journalized an entry denying Mr. Walters' motion to suppress. The trial court made findings of fact and conclusions of law to support its decision. The trial court found that Officer Tobin observed Mr. Walters for only fifteen minutes prior to the administration of the BAC test. The trial court also found that this is short of the twenty minutes required in the regulations. The court determined however that Officer Tobin substantially complied with the regulations as follows:
 It is established that the purpose of this time requirement is to ensure that the defendant does not ingest any material that might affect the outcome of the test. Here, the officer observed the defendant for fifteen minutes and verified that he took nothing by mouth prior to the test. Moreover, there is no contrary evidence adduced at the hearing to indicate that the defendant ingested anything.
 As such, there was no showing of prejudice to the defendant caused by the officer's failure to strictly adhere to the test guidelines.
 Under these circumstances, substantial compliance with the guidelines is sufficient and as such, defendant's argument must fail.
On April 20, 2000, Mr. Walters withdrew his previously entered plea of not guilty and entered a plea of no contest to the charge of operating a motor vehicle with a prohibited blood alcohol content in violation of R.C. 4511.19(A)(3). The remaining counts were dismissed. Mr. Walters was then found guilty by the trial court and sentenced to 180 days in jail, 90 of which were suspended, and a $1,500 fine, $750 of which was also suspended. He was also placed on two years active probation, and had his driver's license suspended for five years.
On April 20, 2000, Mr. Walters filed a timely notice of appeal from the judgment of the trial court and a motion for stay of execution of sentence. Mr. Walters' sentence was subsequently stayed pending the outcome of the instant appeal. Mr. Walters raises one assignment of error for our review.
 I. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO SUPPRESS THE BAC RESULTS.
In his only assignment of error, Mr. Walters argues that the trial court improperly denied his motion to suppress since the BAC test performed by the Maple Heights Police Department (MHPD) was not properly administered. Specifically, Mr. Walters claims that pursuant to Ohio Administrative Code (OAC) 3701-53-02(B)(1), the police were required to observe him for twenty minutes prior to testing. The City maintains that it substantially complied with the OAC regulations in administering the BAC test. The issue here is whether the City was required to strictly comply with the OAC regulations.
Our role in reviewing a motion to suppress is to determine whether the trial court's decision was supported by competent, credible evidence. Tallmadge v. McCoy (1994), 96 Ohio App.3d 604, 608. When there is competent and credible evidence to support the trial court's finding, we cannot disturb such finding. Id.
The Department of Health guidelines and regulations for the administration of breath tests are set forth at OAC 3701-53-02(B), which provides in pertinent part:
 (B) * * * Breath samples shall be analyzed according to the operational checklist for the instrument being used * * *.
The first requirement of the operational checklist for the BAC verifier is:
 (1) Observe subject for twenty minutes prior to testing to prevent oral intake of any material.
The Ohio Supreme Court has held that a BAC test result will be admitted when the procedure by which the result was obtained was in substantial compliance with the OAC regulations. Bolivar v. Dick (1996), 76 Ohio St.3d 616; State v. Plummer (1986), 22 Ohio St.3d 292,294; State v. Steele (1977), 52 Ohio St.2d 187, 190.
With regard to the observation period, the Ohio Supreme Court has upheld the requirement that a subject be observed for twenty minutes prior to the administration of the BAC test. Bolivar v. Dick (1996),76 Ohio St.3d 616. See, also, State v. Willis (1999), 131 Ohio App.3d 646,650 (observation period of twenty minutes is required); State v. Lloyd (1998), 126 Ohio App.3d 95, 107 (same). However, the observation period need not be conducted solely by the test operator. Id. Rather, substantial compliance is found where two or more officers observe the subject continuously for twenty minutes or more prior to the administration of the BAC test. Id. Specifically, multiple officers may tack their observation periods to meet the twenty-minute requirement. Ibid; City of Columbus v. Grove (Nov. 14, 1995), Franklin App. No. 95APC06-679, unreported.
Here, the record before us reflects that Mr. Walters was observed by Officer Tobin for only fifteen minutes prior to the administration of the BAC test. Accordingly, this does not comply with the twenty-minute requirement contained in the OAC regulations and affirmed by the Ohio Supreme Court. Ibid; see, also, State v. Weidner (Sept. 29, 2000), Ottawa App. No. OT-00-001, unreported (observing a defendant for 12 out of the 20 minutes is not substantial compliance); State v. Jones (July 30, 1993), Columbiana App. No. 91-C-49, unreported (an observation period of 12 minutes is invalid); State v. Durdel (Aug. 23, 1985), Sandusky App. No. S-85-11, unreported (observation period of 17 minutes rather than 20 justified suppression of BAC results).
Moreover, since there is nothing in the record to indicate that Mr. Walters was observed by anyone else prior to the administration of the BAC test, the rule regarding tacking is not applicable. Ibid.
Here, the twenty-minute observation period as regulated by OAC3701-53-02(B)(1) was not satisfied. Thus, we find that the trial court erred in finding that fifteen minutes of observation performed solely by one officer was in substantial compliance with the OAC regulations. Accordingly, Mr. Walters' assignment of error is well taken and the trial court should have granted the motion to suppress the results of the BAC test.
Judgment reversed and remanded.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Garfield Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________ JAMES J. SWEENEY, J.:
ANNE L. KILBANE, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.