DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Sandusky Municipal Court which found defendant-appellant, Mark J. Kelley, guilty of driving with a prohibited concentration of breath alcohol in violation of R.C.4511.19(A)(3).
On September 4, 1999, Kelley was arrested and charged with driving under the influence of alcohol and driving with a concentration of breath alcohol in excess of the legal limit, in violation of R.C. 4511.19(A)(1) and (3) respectively. Along with those charges, appellant was given an administrative license suspension ("ALS").
Subsequently, appellant filed a request for an ALS appeal hearing and a motion to suppress alleging, inter alia, that the breath testing device used to obtain a breath alcohol content reading for appellant was not properly calibrated within seven days of appellant's test by use of a solution with a known target value. On April 4, 2000, the trial court held a hearing on appellant's motion to suppress. At the start of the hearing, the parties stipulated to the admission of the BAC Datamaster Instrument Check Form which documented the calibration of the machine in question. That form states that a test result of .099 grams of alcohol per 210 liters of testing solution was obtained when the machine was calibrated on September 1, 1999. The "Target Value" line on the form, however, was left blank. In his closing argument, appellant argued that the state had not established that it had satisfactorily completed a calibration check of the breath testing device because the target value of the testing solution was unknown.
On August 1, 2000, the trial court filed a judgment entry denying appellant's motion to suppress in full. In particular, the court ruled that because appellant stipulated to the BAC Datamaster's calibration, his motion to suppress based on the breath machine's calibration was a moot issue. Thereafter, appellant changed his plea from not guilty to no contest and was found guilty of driving with a prohibited concentration of breath alcohol in violation of R.C. 4511.19(A)(3). The court did not rule on appellant's request for an ALS appeal. Rather, pursuant to law, the ALS merged into the sentence imposed for the DUI conviction.
Appellant now raises the following assignments of error on appeal:
"ERROR NO. 1:
 THE COURT ERRED IN NOT GRANTING THE DEFENDANT'S MOTION TO SUPPRESS THE BREATH TEST
"ERROR NO. 2
 THE TRIAL COURT ERRED IN NOT GRANTING THE APPEAL OF THE ADMINISTRATIVE LICENSE SUSPENSION AS THE CALIBRATION CHECK OF THE SUBJECT MACHINE WAS NOT PROPERLY CONDUCTED."
In his first assignment of error, appellant challenges the trial court's refusal to suppress the results of the BAC test administered to him. Appellant contends that because the state failed to substantially comply with the regulations governing calibrations of breath testing devices, the results of his test should have been suppressed. The state counters that because appellant stipulated to the admission of the calibration of the breath testing device at issue, appellant cannot now challenge the test results.
The transcript from the hearing on the motion to suppress reveals that while appellant did stipulate to the admission of the calibration form, he did not stipulate that the BAC Datamaster at issue had been properly calibrated. It is also clear from appellant's arguments throughout the hearing that he was raising the issue of whether the machine had been properly calibrated and was asking the court to decide that issue in ruling on the motion to suppress. Accordingly, appellant did preserve the right to challenge this issue on appeal.
It is well-established that before the results of a breathalyzer test can be admitted into evidence to establish alcohol concentration under a R.C. 4511.19 prosecution, the state must show that it substantially complied with the methods approved by the Ohio Director of Health ("ODH") in the administration of the test. Defiance v. Kretz (1991),60 Ohio St.3d 1, 3; State v. Plummer (1986), 22 Ohio St.3d 292. Those methods approved by the ODH are set forth in the Ohio Administrative Code. Ohio Adm. Code 3701-53-04 provides in relevant part:
 "(A) A senior operator shall perform an instrument check on approved evidential breath testing instruments * * * no less frequently than once every seven days in accordance with the appropriate instrument checklist as set forth in appendices A to D to this rule. The instrument check may be performed anytime up to one hundred and ninety-two hours after the last instrument check.
 "(1) An instrument shall be checked using an instrument check solution containing ethyl alcohol approved by the director of health. An instrument check is valid when the result of the instrument check is at or within five one-thousandths (0.005) grams per two hundred ten liters of the target value for that instrument check solution." (Emphasis added.)
In the present case, the state did not establish a "target value" for the instrument check solution used to calibrate the BAC Datamaster prior to administering the BAC test to appellant. In State v. Raudebaugh (Mar. 10, 2000), Wood App. No. WD-99-018, unreported, we discussed how the ODH determines a scientifically reliable target value:
 "Independent manufacturers use a formula to produce the alcohol reference or simulator solutions used to calibrate the devices used to test breath alcohol content in Ohio. See State v. Manzanares (Apr. 16, 1999), Wood App. No. WD-98-033, unreported. Each manufacturer certifies the amount of alcohol, or `target value,' in the solution it produces. Id. After December 1997, each manufacturer randomly tests a statistically adequate sample of each batch of calibration solution to ascertain its `target value.' Id. The Ohio Department of Health also tests a smaller sample of the solution independently. Id. If the Ohio Department of Health tests produce a result within an acceptable range of variance from the manufacturer's target value, the Director of the Ohio Department of Health issues a certificate of approval, which permits law enforcement agencies to use the solution to calibrate breath devices. Id. "
Accordingly, a known target value is an essential component in determining whether a device used to test breath alcohol content has been properly calibrated. In the present case, the device used to test appellant's breath alcohol content was calibrated three days prior to his test. The "target value" line on the calibration form, however, was left blank. "R.C. 4511.19(A)(3) is a strict liability statute in which the accuracy of the breath-test results are of paramount importance." Statev. Allen (May 8, 1995), Clinton App. No. CA94-10-028, unreported. Absent knowledge of the target value of a batch of calibration solution, there is no way to know if a BAC reading is accurate. State v. Kauffman
(1995), 106 Ohio App.3d 831.
Accordingly, the state failed to substantially comply with the ODH regulations in calibrating the BAC Datamaster at issue and, therefore, the court below should have suppressed the results of the breathalyzer test administered to appellant. The first assignment of error is well-taken. Given our disposition of the first assignment of error, we need not address appellant's second assignment of error.
On consideration whereof, the judgment of the Sandusky Municipal Court convicting appellant of driving with a prohibited concentration of breath alcohol in violation of R.C. 4511.19(A)(3) is reversed and this case is remanded for further proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J.
Richard W. Knepper, J. and Mark L. Pietrykowski, P.J. CONCUR.