OPINION
Defendant-appellant, Christina Wojcicki, appeals from the judgment of the Franklin County Municipal Court convicting her for driving under the influence of alcohol in violation of R.C. 4511.19(A)(3).
On October 4, 2000, appellant was stopped by Officer Justin C. Hurlbert of the Ohio State Highway Patrol. Appellant was traveling northbound on Sawmill Road near the intersection of Bethel Road. Officer Hurlbert alleged that appellant had crossed the centerline a few times and, upon stopping her, he alleged that he detected the odor of alcohol. Officer Hurlbert asked appellant to step out of her vehicle and administered certain field sobriety tests. As a result of those tests, Officer Hurlbert arrested appellant for violations of R.C. 4511.19(A)(1) and 4511.19(A)(3) and took appellant to the Perry Township Police Department. Appellant submitted to a breath test on a BAC Datamaster breath testing instrument. Appellant's breath was found to contain .143 grams of alcohol per 210 liters, above the per se limit in violation of R.C. 4511.19(A)(3).
Appellant filed a motion to suppress the results of the breath test, and the trial court overruled her motion. Appellant pled no contest to a violation of R.C. 4511.19(A)(3) and was sentenced accordingly. Appellant now appeals, setting forth the following assignment of error:
 The Trial Court erred when it found substantial compliance with Department of Health Regulations and failed to suppress the alcohol test of Appellant.
R.C. 4511.19 requires that the analysis of bodily substances shall be conducted in accordance with the methods approved by the Ohio Director of Health as prescribed by Ohio Adm. Code 3701-53-04. In order to comply with Ohio Adm. Code 3701-53-04(A), the breath analyzer must be calibrated no less frequently than once every seven days by using the applicable calibration checklist set forth in Appendices A through G.
Before the results of breathalyzer tests are admissible into evidence, it is incumbent upon the state to show that the instrument was in proper working order. Cincinnati v. Sand (1975), 43 Ohio St.2d 79. The results of a breathalyzer test which has been administered pursuant to R.C. 4511.19
may only be admitted into evidence if the bodily substance has been analyzed in accordance with methods approved by the director of health. Id. at paragraph two of the syllabus.
It is undisputed that administrative rules enacted pursuant to a specific grant of legislative authority are to be given the force and effect of law. State v. Shade (Sept. 23, 1993), Franklin App. No. 93AP-281, unreported, citing Doyle v. Ohio Bur. of Motor Vehicles (1990), 51 Ohio St.3d 46.
However, in State v. Plummer (1986), 22 Ohio St.3d 292, the Ohio Supreme Court has held that rigid compliance with department of health regulations in regard to alcohol testing is not necessary in order for the test results to be admissible, and that there is leeway for substantial, though not literal, compliance with such regulations.
In a hearing on a motion to suppress, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. State v. Clay (1973), 34 Ohio St.2d 250. Accordingly, in our review, we are bound to accept the trial court's findings of facts and determinations regarding credibility if they are supported by competent, credible evidence. State v. Fanning (1982), 1 Ohio St.3d 19. Accepting these facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the appropriate legal standard. See State v. Brown (1996), 109 Ohio App.3d 629.
In the present case, it is undisputed that the BAC Datamaster was in proper working order and that it had been tested according to the steps to be followed as prescribed by the Ohio Revised Code and the Ohio Administrative Code. The only issue raised was whether the failure of the officer testing the machine to properly indicate the "target value" of the sample tested on the certificate form equates with the failure of the state to demonstrate substantial compliance with the rules. It is further undisputed that the sample tested both on September 28, 2000, and October 5, 2000, came from batch number 99340 and bottle number 280, and that the test result was .096 grams of alcohol per 210 liters. It is also undisputed that the testing officer properly acknowledged, in the checklist portion of the form, that he completed all the steps he was required to complete in testing the sample. Furthermore, each time a test is run, the BAC Datamaster prints out its own evidence ticket. On this evidence ticket for the dates September 28, 2000, and October 5, 2000, it is verified that batch number 99340 tested at .096 grams of alcohol per 210 liters. For the reasons that follow, this court finds that the trial court properly found that the state had substantially complied with the regulations.
Appellant directs this court's attention to State v. Kauffman (1995),106 Ohio App.3d 831, in support of her argument that the trial court should have suppressed the evidence. In Kauffman, the court found that the testing officer's failure to both indicate the target value and indicate on the checklist that he completed all of the appropriate steps in submitting the sample for testing resulted in the state failing to establish substantial compliance with the rules. In the present case, the trial court considered the Kaufmann case and specifically found that the present case was distinguishable because there was actual evidence that the testing officer had, in fact, followed all the requisite steps in submitting the sample for analysis. This court agrees.
In the present case, all of the proper steps were followed in testing the BAC Datamaster. One error was made in filling out the certificate for the form, in that the officer failed to indicate the "target value" of the sample which he was testing. However, as indicated by the test results, the value was .096 grams of alcohol per 210 liters. This fact is undisputed.
Appellant also cites the recent Supreme Court decision in State v. Homan (2000), 89 Ohio St.3d 421, as evidence that the standard to be applied has changed, and the Ohio Supreme Court is now requiring "strict compliance" with the rules instead of "substantial compliance." However, Homan is distinguishable from the present case. In Homan, the issue involved the fact that the arresting officer testified that he did not follow the required procedures when administering the field sobriety tests to the defendant. Because it is undisputed that it is important for those tests to be given in a certain prescribed manner, and with consistency, the court found that the officer's failure to properly instruct the defendant and properly administer the test rendered the results of the field sobriety tests inadmissible. The court stressed the need for uniformity and the fact that evidence indicates that the manner in which the field sobriety tests are instructed and administered to defendants is critical in properly assessing whether or not the defendant should be arrested.
That problem is not present in this case. Instead, as the trial court found, there is no prejudice to appellant where there is actual evidence of all the requisite steps and requisite information. As stated previously, it is undisputed that the test was administered properly and that the BAC Datamaster was properly checked. The only issue was whether the officer's failure to indicate the "target value" rendered the results inadmissible because the state did not prove substantial compliance. This court disagrees. Unlike Kauffman, the checklist indicates that the officer followed each and every step in testing the solution. As indicated previously, it is undisputed that the test sample used actually had a concentration of .096 grams of alcohol per 210 liters. As such, this court concludes that the officer's only failure was to properly indicate the target value on the checklist form. Even with the officer's omission, his handling of the form amounts to substantial compliance with the rules when there is other reliable evidence indicating that all the proper steps were taken in testing the machine. Therefore, appellant's sole assignment of error is overruled.
Based on the foregoing, appellant's assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.
BOWMAN and LAZARUS, JJ., concur.