{¶ 1} In this timely appeal Lori L. Rennick ("Appellant") challenges her conviction for driving under the influence of alcohol entered by the Belmont County Court. In light of the discussion that follows, this Court affirms the trial court's judgment.
 {¶ 2} On January 11, 2002 at 1:13 a.m., Ohio State Trooper Mike Visvary stopped Appellant's vehicle when he noticed that she did not come to a complete stop prior to initiating a right turn at a red light. She also failed to activate her turn signal. After Appellant performed poorly on several field sobriety tests, Trooper Visvary placed her under arrest and transported her to the police station. At approximately 1:45 a.m., Appellant took an alcohol breath test, which indicated that she had a blood alcohol level of .135 grams per liter of blood. Appellant was charged with driving under the influence ("DUI") in violation of R.C. § 4511.19(A)(3) and was charged with the traffic offenses which prompted the stop.
 {¶ 3} Appellant initially pleaded not guilty and moved to suppress the results of the blood alcohol test, alleging that Trooper Visvary failed to comply with the Department of Health's requirement that he observe the subject continuously for twenty minutes prior to administering the blood alcohol test.
 {¶ 4} At the hearing on the motion, Trooper Visvary testified that he was able to observe Appellant continuously from the time he stopped her at 1:13 a.m. until 1:45 or 1:46 a.m., when he administered the test. (March 6, 2002, Hearing Tr., pp. 7-9). The trooper also indicated that during the thirty-two minutes that transpired between the stop and the administration of the breath test, he did not see Appellant ingest anything. He also specifically directed her not to put anything in her mouth. (March 6, 2002, Hearing Tr., p. 8).
 {¶ 5} Appellant contended that the trooper's videotaped recording of the stop reflected that during the above referenced window of time, Appellant turned her face away from him briefly while pulling documents from the glove box. The tape also shows that at 1:28 a.m., Appellant placed her fingers on her lips and perhaps in her mouth. Appellant testified that she habitually bit her nails, that she did so on the night of her arrest, and that earlier in the evening she used one of her fingers to stir her drink. (March 6, 2002, Hearing Tr., p. 13).
 {¶ 6} Appellant maintained Trooper Visvary compromised the results of her blood alcohol test because he failed to observe her continuously for twenty minutes immediately preceding the test and because she introduced foreign objects (her fingers) into her mouth. In denying her motion, the trial court made the following factual and legal findings:
 {¶ 7} "* * * The first issue is the defendant leaning into the vehicle, and that of course made the mouth of the defendant out of the officer's view, that was only for a couple seconds, fractional seconds, I hold that that is not sufficient to sustain a motion based upon State v.Adams and State v. Steele.
 {¶ 8} "I also hold that the time period in this case was sufficient. It started probably at 1:13, but at the least, at least by my own personal observations, sometime prior to 1:27, and ended at 1:45.
 {¶ 9} "That clearly is within the — or excuse me, the twenty minute observation.
 {¶ 10} "So the final issue we've got to deal with is ingestion of a foreign substance. I personally observed the defendant at approximately 1:28 place, I think it was a right finger, right hand to her lips. I could not tell if her hand went into her mouth. I could not tell if she was just scratching her chin, scratching her lips, but clearly it was only for a fraction of a second. By the time I realized what she was doing, it was over with." (March 9, 2002, Hearing Tr., pp. 17-18).
 {¶ 11} In light of the court's ruling on her motion, Appellant subsequently entered a no contest plea to the DUI. The prosecution dismissed the traffic charges. The court sentenced Appellant to serve ten days in the county jail, suspending seven of those days. The trial court fined Appellant $316 including court costs, suspended her operator's license for six months and imposed two years of probation.
 {¶ 12} Appellant filed a notice of appeal from her conviction on March 28, 2002. Except for the license suspension, Appellant's sentence has been stayed pending the outcome of this Appeal.
 {¶ 13} In this Court Appellant contends that,
 {¶ 14} "The Trial Court Erred In Not Suppressing The Use Of A Breath Result Where The State Failed To Meet Its Burden To Show Testing Error Had No Effect On The Test Result Or Did Not Occur."
 {¶ 15} In a motion to suppress, the trial court assumes the role of the trier of fact, and, in that capacity, is in a superior position to resolve questions of fact and evaluate the credibility of the witnesses.State v. Clay (1972), 34 Ohio St.2d 250. Thus, when this Court reviews the trial court's ruling on such motions, it is bound by the trial court's findings of fact if they are supported by competent, credible evidence. State v. Retherford (1994), 93 Ohio App.3d 586, 592. This court will not second-guess the trial court's conclusions with respect to witness credibility. State v. Webb, (1997), 120 Ohio App.3d 56, 58,696 N.E.2d 655. Accepting the court's facts and credibility determinations as accurate, this court independently analyzes the questions of law arising from those facts de novo, without deference to the trial court's conclusions with respect thereto. State v. Curry
(1994), 95 Ohio App.3d 93, 96.
 {¶ 16} Appellant argues that the trial court ought to have suppressed the results of her blood alcohol test because it was improperly administered. Appellant challenges the test results because, she claims, the officer who stopped her failed to observe her continuously for twenty minutes prior to its administration. Appellant also maintains that the record reflects that she introduced a foreign object, i.e. her finger, into her mouth and thereby compromised the test.
 {¶ 17} This court notes that Appellee, the State of Ohio, did not file a response brief. Under App.R. 18(C), therefore, this court may presume the accuracy of Appellant's statement of facts and reverse the matter if her brief reasonably appears to support such a determination.
 {¶ 18} The videotape of the stop confirms that Appellant was under continuous observation from the time of the stop at 1:13 a.m. until the trooper subjected her to the breathalyzer test about thirty-two minutes later. The tape does also reflects that during this period, at 1:28 a.m., Appellant turned away from the trooper briefly to secure her license and vehicle documents from the glove compartment. Despite this period, which took only fractions of a second, the trial court concluded that Trooper Visvary complied with the twenty-minute rule.
 {¶ 19} Appellant does not argue here that the breath test ought to have been invalidated simply because she turned away from the officer for a moment or two. As the trial court noted when it denied Appellant's motion to suppress, such a proposition necessarily fails in light of the holdings in State v. Steele (1977), 52 Ohio St.2d 187, 370 N.E.2d 740, and State v. Adams (1992), 73 Ohio App.3d 735, 598 N.E.2d 176. In both of those cases the respective courts stressed that compliance with the twenty-minute observation period did not require that police keep the subject in constant view. The courts concluded that an officer comports with the twenty-minute requirement if his surveillance renders it unlikely that the subject could ingest anything without the officer's knowledge. Steele, supra at 192; Adams, supra at 740.
 {¶ 20} Appellant's argument is predicated instead upon her insistence that the videotape of the event depicts her putting her fingers into her mouth. Appellant argues that this action necessarily impugns that test's validity. Appellant's argument is problematic in two respects. First, after the trial court viewed the videotape, it concluded that Appellant's fingers, though near her mouth, never actually entered her mouth. (March 9, 2002, Hearing Tr., p. 18). This is a factual finding, supported by competent, credible evidence, i.e. the videotape, and this court must accept the finding. Second, even if we were to conclude that the trial court was incorrect, there is no authority to support the claim that finger chewing or nail biting constitutes intake or ingestion as those terms have been defined.
 {¶ 21} Under Ohio Adm. Code 3701-53, the Ohio Department of Health has promulgated rules directed at the proper administration of alcohol blood, breath and urine tests. For the results of those tests to be admissible, the tests must be administered in substantial compliance with those regulations. State v. Homan (2000), 89 Ohio St.3d 421, 426,732 N.E.2d 952. "Once the State has demonstrated substantial compliance, the burden shifts to the defendant to demonstrate that he would be prejudiced by anything less than technical compliance." State v. Willis
(1999), 131 Ohio App.3d 646, 653, 723 N.E.2d 198; citing, State v. Brown
(1996), 109 Ohio App.3d 629, 632, 672 N.E.2d 1050.
 {¶ 22} The twenty-minute observation requirement to which Appellant refers is intended to prevent the test subject from orally ingesting any material prior to the test. Ravenna v. Nethken, 11th Dist. No. 2001-P-40, 2002-Ohio-3129, P16; citing Steele, supra. "Oral intake" is construed as, "the taking in of something through the mouth or buccal cavity." Moreover, for there to be an intake of any substance, "it must be orally ingested in such a manner that it would be digested and pass in the blood stream, or [be] received into the respiratory system and interact with the alveolar air so as to have an effect on the breath test result." State v. Birth (1987), 41 Ohio App.3d 112, 113, 534 N.E.2d 909. Accordingly, in Birth, the court concluded that a subject who applied lipstick during the twenty-minute period did not orally ingest the lipstick or compromise her breathalyzer test. Id. Similarly, the insertion or removal of a dental plate does not constitute ingestion or intake as contemplated under Ohio adm. Code 3701-53. State v. Withers (May 27, 1999), 5th Dist. No. 98CA116.
 {¶ 23} In contrast, drinking water, chewing gum or snuff, sucking breath mints, and smoking have generally been deemed to involve oral intake or ingestion of the substance to the extent that the validity of the breathalyzer test was damaged in cases where such ingestion occurred during the twenty-minute observation period. See e.g. State v. Seigle
(2000), 138 Ohio App.3d 562, 741 N.E.2d 938 (water); State v. Karns (July 21, 1998), 5th Dist. No. 97CA2 (gum); State v. Dixon, 5th Dist. No. 2002CA132, 2002-Ohio-6174 (breath mints); State v. Durdel (Aug. 23, 1985), 6th Dist. No. S-85-11; and State v. Baldridge (Dec. 21, 2001), 5th Dist. No. 01-COA-1412 (snuff). But see contra, State v. Valentine (Aug. 3, 1993), 4th Dist. No. 91CA 1943 (chewing gum in driver's mouth during twenty minutes prior to test did not invalidate test results).
 {¶ 24} These cases, while somewhat disparate facially, are largely consistent in that they distinguish between matter that merely enters the mouth and travels no further and substances that actually enter the subject's system. Appellant claims that, given her testimony that she was a chronic nail biter, it is highly probable she did bite her nails at some point during the observation period. During the hearing, Appellant stated that at some point during the evening she used one of her fingers to stir her drink. (March 6, 2002, Hearing Tr., p. 13). According to Appellant, these bits and pieces of speculative information prove that she ingested some substance during the twenty-minute period sufficient to render the subsequent test invalid. Appellant is mistaken in her belief.
 {¶ 25} In Steele, the court reasoned that once the trooper demonstrated it was highly improbable that the subject ingested any item during the twenty-minute period, it was up to the defendant to "overcome that inference" with proof that she had ingested some substance. Moreover, ingestion has to be more than just "hypothetically possible."Steele, supra at 192; see, accord, State v. Faykosh, 6th Dist. No. L-01-1244, 2002-Ohio-6241, P40. Accordingly, while theoretically it might be possible to ingest traces of whatever was in one of the drinks Appellant consumed during the evening she was stopped, Appellant introduced nothing beyond vague supposition to show that an identifiable substance actually entered her system via her fingers. Lacking anything to otherwise invalidate the results of the breathalyzer, this court can only conclude that her motion to suppress was properly denied.
 {¶ 26} Appellant's sole assignment of error is overruled and the judgment of the Belmont County Court is hereby affirmed.
Judgment affirmed.
Vukovich and DeGenaro, JJ., concur.