The STATE of Ohio, Appellant,

v.

BROWN, Appellee.

[Cite as *State v. Brown* (1996), 109 Ohio App.3d 629.]

Court of Appeals of Ohio,
Fourth District, Hocking County.

No. 94–CA–28.

Decided March 1, 1996.

*Jeffrey F. Bender*, Hocking County Prosecuting Attorney, for appellant.

*Lappen, Lilley, Kernen & Co., L.P.A.*, and *Will Kernen*, for appellee.

HARSHA, Judge.

This is an appeal by the state of Ohio of an order by the Hocking County Municipal Court granting a motion to suppress breath-alcohol test results in the prosecution of Glen Brown for driving under the influence in violation of R.C. 4511.19(A)(3). Appellant assigns two errors:

Assignment of Error No. I

"The trial court erred in that its decision is in conflict with cases which approve of two digits being sufficient for calibration and the BAC test."

Assignment of Error No. II

"The trial court's decision is against the manifest weight of the evidence where the evidence showed that the two digit target value was a typographical error."

On September 29, 1994, at 11:54 p.m., Trooper Fellure, of the Ohio State Highway Patrol, observed appellee drive left of center three times. When Trooper Fellure stopped appellee, he noticed a strong odor of alcohol emanating from inside appellee's car. Upon questioning, appellee admitted to drinking earlier that evening. Trooper Fellure then administered field sobriety tests, which appellee failed. Appellee consented to a BAC (breath-alcohol content) test, which showed a BAC level of .114.

The BAC machine used to test appellee had been calibrated on September 26, 1994, using testing fluid from bottle 83, with a result of .095. Bottle 83 was taken from testing fluid batch 94130. The Department of Health certificate for testing fluid batch 94130 indicates that, when used according to calibration checklists, the fluid will produce a target value of "0.10 g/210L" plus or minus .005.

Appellee filed a motion to suppress the BAC test results, asserting that because the Department of Health certificate indicated that the target value of the testing fluid was quantified by two digits (*i.e.*, .10), the test results from the machine could not be shown to quantified to three digits (plus or minus .005), as is required by Ohio Adm.Code 3701–53–04(A)(1). At the hearing on the motion, appellee presented extensive expert testimony in support of his position. The state failed to introduce any expert testimony on its behalf. After the hearing, the trial court issued a judgment entry finding, among other things, that .10 does not equal .100 for purposes of Ohio Adm.Code 3701–53–04(A)(1). Thus, the court reasoned that the test results could not be shown to be quantified to three digits. Accordingly, the court granted the motion to suppress the BAC results. Pursuant to R.C. 2945.67 and Crim.R. 12(J), the state timely appealed.

The state's assignments of error both address the trial court's decision on the motion to suppress. Consequently, we consider them together. In a hearing on a motion to suppress, the trial court assumes the role of trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. *State v. Clay* (1973), 34 Ohio St.2d 250, 63 O.O.2d 391, 298 N.E.2d 137; *State v. Clelland* (1992), 83 Ohio App.3d 474, 480, 615 N.E.2d 276, 280–281. Accordingly, in our review, we are bound to accept the trial court's findings of fact and determinations regarding credibility if they are supported by competent, credible evidence. *State v. Dreher* (July 28, 1992), Highland App. No. 786, unreported, 1992 WL 188501; see, also, *State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583. Accepting these facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the appropriate legal standard. *State v. Shelpman* (May 23, 1991), Ross

App. No. 1632, unreported, 1991 WL 87312; *State v. Simmons* (Aug. 30, 1990), Washington App. No. 89CA18, unreported, 1990 WL 127065.

The crux of appellant's first assignment of error is a very narrow question: whether a Department of Health certificate which contains a calibration certification for testing fluid of .10 plus or minus .005 meets the three-digit accuracy requirement of Ohio Adm.Code 3701–53–04(A)(1), which provides:

"A calibration check of a breath testing instrument is valid when the result of the calibration check is at target value plus or minus five one-thousandths (0.005) grams per two hundred ten liters."

Appellee suggests that Ohio Adm.Code 3701–53–04(A)(1) requires the Department of Health certificate to state that the result of the calibration check was .100 plus or minus .005, and that because the certificate in this case indicated that the calibration check was .10 plus or minus .005, the three-digit accuracy requirement of Ohio Adm.Code 3701–53–04(A)(1) is not met. We agree.

Substantial compliance with administrative rules is required for the admissibility of BAC test results. *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 3, 573 N.E.2d 32, 34; *State v. Plummer* (1986), 22 Ohio St.3d 292, 22 OBR 461, 490 N.E.2d 902; *State v. Steele* (1977), 52 Ohio St.2d 187, 6 O.O.3d 418, 370 N.E.2d 740. Once the state has shown substantial compliance, the burden shifts to the defendant to demonstrate that he would be prejudiced by anything less than technical compliance.

In this case, the state has failed to show substantial compliance as a matter of law. At the hearing, the state adduced no expert testimony regarding the effect of dropping the third digit from the target value on the Department of Health certificate. No one testified what the third digit should have been. Appellee, on the other hand, introduced lengthy expert testimony that without the third digit, the target value could not be accurately determined within the meaning of Ohio Adm.Code 3701–53–04(A)(1). Specifically, appellee's expert, Dr. Staubus, testified that:

"A: You can't tell whether if you subtract .005 from a value of .10 whether the final number should be .09 or .10. A number of .10 indicates a value of anywhere lying between .09500 to a value of .10499 and so forth. So your base number could be anywhere within that range.

"Q: How do you know that?

"A: Because that's basic scientific principles for significant numbers * * *."

Dr. Staubus later continued:

"A: A calibration check of a breath testing instrument is valid when the result of the calibration check is at a target value plus or minus five one-thousandths grams per 210 liters of breath.

"I guess what we're saying for the particular test result in which the calibration solution is indicated to have a target value of only two digits, .10, that you're not able to make that evaluation because you cannot add plus or minus .005, a three-digit number, to a two-digit significant number and be able to make that determination.

"Q: It is your opinion, it is your expert opinion with all the foundations that's [*sic*] been laid, that a two-digit target result cannot be utilized to comply with that requirement.

"A: In my professional opinion, in my understanding of that reading and my understanding of significant figures, the answer is I don't believe it can be complied with."

In light of Dr. Stauber's testimony and the lack of any evidence to contradict it by the state, we believe that the trial court correctly determined that .10 does not equal .100 for purposes of Ohio Adm.Code 3701–53–04(A)(1). Appellant's first assignment of error is meritless.

■ Appellant's second assignment of error contends that the trial court's decision to suppress the BAC results was against the manifest weight of the evidence. In particular, appellant points to the evidence that prior and subsequent Department of Health certificates involving the same BAC testing machine and different batches of testing solution all indicated that the target value was .100 or .105. Appellant contends that this evidence required the trial court to find that the .10 which appears on the certificate in question was merely an inconsequential typographical error. Again, we disagree.

The record contains the certificate on which .10 appears as the target value. Other certificates also appear in the record, containing target values of .100 or .105. The trial court, as the trier of fact, was best positioned to evaluate the certificates and to discern whether the .10 was a typographical error. Contrary to appellant's contentions where one certificate contains .10 and the others .100 or .105, there is certainly competent, credible evidence to support the conclusion that the difference was intentional and not an error. Moreover, there was no testimony that the target value of .10 was an error. Therefore, we defer to the trial court's determination, as it is clearly supported by some competent, credible evidence.

In conclusion, the trial court's factual findings were supported by competent, credible evidence and the trial court correctly applied the facts to the relevant

law.   Accordingly, we overrule appellant's two assignments of error and affirm the judgment of the Hocking County Municipal Court.

*Judgment affirmed.*

STEPHENSON, J., concurs.

KLINE, J., dissents.