JOURNAL ENTRY AND OPINION
Defendant Jeffrey Churchill appeals from his conviction for operating a motor vehicle with a prohibited breath-alcohol content. For the reasons set forth below, we affirm.
On February 22, 1999, defendant was issued citations for driving while under the influence of alcohol, driving with a prohibited breath-alcohol content, not stopping at a red light, not having rear plate illumination, operating his vehicle without headlights, and not wearing a seatbelt. Defendant entered not guilty pleas to the charges.
On April 21, 1999, defendant filed a motion to suppress in which he asserted, inter alia, that the police lacked probable cause to stop him and that the police did not meet the statutory and administrative requirements for obtaining the breath-alcohol sample. On June 11, 1999, defendant filed a supplemental motion in which he asserted that the breath-alcohol sample had to be suppressed since the police did not keep the maintenance and repair records for the machine in accordance with the requirements of Ohio Adm. Code 3701-53-01 et seq. The trial court denied the motion to suppress and defendant entered a no contest plea to the charge of driving with a prohibited breath alcohol level. The remaining charges were dismissed by the prosecutor and defendant was subsequently convicted of the charge of driving with a prohibited breath-alcohol level. Defendant now appeals and assigns a single error for our review.
Defendant's assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE.
Within this assignment of error, defendant asserts that the trial court erred in denying his motion to suppress the breath alcohol test because discovery documents demonstrated that the police did not maintain the repair and maintenance records.
R.C. 3701.143 authorizes the Director of Health to issue regulations regarding blood, breath and urine testing for drugs and alcohol.
Ohio Adm. Code 3701-53-01 provides:
 TECHNIQUES OR METHODS (A) Tests to determine the concentration of alcohol may be applied to blood, urine, breath, or other bodily substances. Results shall be expressed as equivalent to:
* * *
 (2) Grams by weight of alcohol per two hundred ten liters of deep lung breath;
* * *
The results of the tests shall be retained for not less than three years.
Ohio Adm. Code 3701-53-04(E) provides:
 Results of instrument checks, and records of maintenance and repairs shall be retained in accordance with paragraph (A) of rule 3701-53-01 of the Administrative Code.
See, also, State v. Wemer (1996), 112 Ohio App.3d 100, 102; Statev. Hominsky (1995), 107 Ohio App.3d 787, 791.
Substantial compliance with the Ohio Department of Health Regulations pertaining to alcohol testing is sufficient. Defiancev. Kretz (1991), 60 Ohio St.3d 1, 3; State v. Plummer (1986),22 Ohio St.3d 292, syllabus. Once the state has established substantial compliance with the administrative rules, the burden then shifts to the defendant to demonstrate that he would be prejudiced by anything less than literal compliance. Plummer,supra, at 295; State v. Brown (1996), 109 Ohio App.3d 629, 632.
In State v. Love (April 26, 1996), Ottawa App. No. OT-95-042, unreported, the Court stated:
 appellant failed to provide a transcript of the hearing on the motion to suppress. It is appellant's duty to provide a transcript. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. Thus, this court is unable to determine whether the state substantially complied with Ohio Adm. Code 3701-53-02(C). The Ohio Supreme Court has stated:
 "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp, 61 Ohio St.2d at 199.
 Therefore, this court will presume the validity of the trial court's actions.
Accord State v. Gelofsack (March 4, 1994), Ashtabula App. No. 93-A-1805; State v. Schwaiger (June 28, 1991), Portage App. No. 90-P-2227, unreported.
In this instance, defendant asserts that substantial compliance was not demonstrated at the hearing held on this matter on June 2, 1999. We note, however, that defendant has not provided us with a transcript of this hearing. We therefore must presume the validity of the lower court's proceedings, and affirm. Knappv. Edwards Laboratories, supra.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SPELLACY, J., AND SWEENEY, J., CONCUR.
 _______________________________ ANN DYKE, ADMINISTRATIVE JUDGE