[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Plaintiff-appellant, the state of Ohio, appeals the judgment of the Hamilton County Municipal Court granting the motion to suppress evidence filed by defendant-appellee, Viktor Sirenko, in a prosecution for operating a vehicle with a prohibited breath-alcohol concentration pursuant to R.C. 4511.19(A)(3). For the following reasons, we reverse the trial court's judgment and remand the cause for further proceedings.
 {¶ 3} In October 2002, a Cincinnati police officer responded to the scene of a single-car accident. When he arrived, he saw Sirenko behind the steering wheel, with the engine still running. The officer detected an odor of alcohol, and after subsequent investigation, Sirenko was arrested. An intoxilyzer test revealed that he had been operating the vehicle with a prohibited breath-alcohol concentration.
 {¶ 4} Sirenko filed a motion to suppress the intoxilyzer result, based in part upon the argument that the state had not complied with Ohio Department of Health Regulations concerning the operation and maintenance of the intoxilyzer machine. The trial court granted the motion on the sole basis that the state had failed to demonstrate substantial compliance with the requirement that the calibration solution for the machine be refrigerated.
 {¶ 5} The state now argues, in a single assignment of error, that the trial court erred in granting the motion to suppress the intoxilyzer result. Specifically, the state argues that it had established substantial compliance with the refrigeration requirement.
 {¶ 6} R.C. 4511.19(D)(1) provides that the analysis of bodily substances must be conducted in accordance with methods approved by the Ohio Director of Health, as codified in the Ohio Administrative Code. When the defendant raises with specificity the manner in which the state has allegedly failed to comply with the Department of Health regulations, the burden shifts to the state to demonstrate substantial compliance with the applicable regulations.[1] Once the state has demonstrated substantial compliance, the burden returns to the defendant to prove that he was prejudiced by less than strict compliance.[2]
 {¶ 7} Ohio Adm. Code 3701-53-04(C) states that "[a]fter first use, instrument check solutions shall be kept under refrigeration when not being used." In the case at bar, the officer in charge of calibration testified that the solution was "maintained in a refrigerated state when not in use," and that the police division had complied with the Ohio Department of Health regulations to ensure the proper calibration of the instrument. He also testified that the intoxilyzer machine was working properly at the time Sirenko's test was administered. This was sufficient to demonstrate substantial compliance with the regulations,[3] and because Sirenko did not come forward with evidence that he had been prejudiced by any asserted failure of the state to strictly comply with the regulations, the trial court erred in granting the motion to suppress.
 {¶ 8} The assignment of error is sustained. The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with law.
 {¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Painter, JJ.
[1] State v. Plummer (1986), 22 Ohio St.3d 292, 490 N.E.2d 902. See, generally, Xenia v. Wallace (1988), 37 Ohio St.3d 216, 524 N.E.2d 889.
[2] State v. Brown (1996), 109 Ohio App.3d 629, 632,672 N.E.2d 1050.
[3] See State v. McCardel (Sept. 28, 2001), 11th Dist. No. 2000-P-0092.