OPINION
{¶ 1} Defendant-appellant, Brian Glenn (hereinafter "appellant"), appeals the decision of the Tiffin Municipal Court in Seneca County, Ohio denying appellant's Motion to Suppress the results of a blood alcohol test.
 {¶ 2} On January 11, 2004, shortly after 1:00 a.m., Tiffin Police Officer Doug Skornica observed the appellant driving his vehicle the wrong way in a one-way alley. Officer Skornica stopped appellant's vehicle and noticed that appellant's speech was slurred. Upon questioning, appellant stated he had consumed alcohol.
 {¶ 3} Based on this statement, Officer Skornica conducted field sobriety tests with the appellant, which appellant failed. Officer Skornica then placed appellant under arrest and requested appellant submit to a breath test. Appellant refused. Officer Skornica placed appellant in a holding cell and obtained a search warrant to draw appellant's blood.
 {¶ 4} Shortly thereafter, Officer Skornica transported appellant to Tiffin Mercy Hospital for blood to be drawn. Appellant's blood was drawn at 2:58 a.m. The specimen was presented to Officer Skornica, who retained possession of it at the hospital until 3:30 a.m., when the officer transported the blood sample to Blanchard Valley Regional Health Center in Findlay, Ohio. Officer Skornica arrived in Findlay at 4:00 a.m. and immediately delivered the sample to a technician. The blood alcohol test result was .198 by weight, exceeding the legal limit of .096.
 {¶ 5} Appellant was subsequently indicted for Operating a Motor While Intoxicated, in violation of R.C. 4511.19(A)(3). Appellant filed a motion to suppress the evidence of the blood alcohol results pursuant to Ohio Administrative Code 3701-53-05, which provides that "while not in transit to a laboratory or under examination, all * * * blood specimens shall be refrigerated * * *." In his motion, appellant alleged that Officer Skornica failed to comply with this regulation by failing to refrigerate the sample from 2:58 a.m., when it was drawn, to 3:30 a.m., when Officer Skornica departed for Findlay, Ohio.
 {¶ 6} Following a hearing, the trial court determined that the thirty-two minute period that the sample was not refrigerated did not amount to non-compliance with Ohio Administrative Code3701-53-05. Accordingly, the trial court overruled appellant's motion to suppress.
 {¶ 7} It is from this decision that appellant appeals and sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred in overruling the Defendant's Motion toSuppress.
 {¶ 8} Appellant argues that the trial court erred in overruling his Motion to Suppress because Officer Skornica was in possession of appellant's blood sample for thirty-two minutes during which time it was not refrigerated. Appellant contends that this procedure did not substantially comply with Ohio Administrative Code 3701-53-05 and, therefore, that the results of the blood-alcohol test should have been suppressed.
 {¶ 9} When ruling on a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of the evidence. Statev. Fanning (1982), 1 Ohio St.3d 19, 20. An appellate court may not disturb a trial court's decision on a motion to suppress where it is supported by competent, credible evidence. State v.Retherford (1994), 93 Ohio App.3d 586, 592.
 {¶ 10} In general, when faced with a challenge to the admissibility of a blood test on the grounds that the state failed to comply with its regulations, the state must show substantial compliance, rather than strict compliance, with administrative regulations. State v. Mays (1992),83 Ohio App.3d 610, 613; Defiance v. Kretz (1991), 60 Ohio St.3d 1, 3. On a pretrial motion to suppress the results of a blood-alcohol test, the state has the burden of proving substantial compliance with the regulations set forth by the Ohio Administrative Code.State v. Plummer (1986), 22 Ohio St.3d 292, 294. The Ohio Supreme Court has stated that only "minor procedural deviations" will be excused under the substantial compliance standard. Statev. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 34. Moreover, absent a showing of prejudice to a defendant, the results of a blood-alcohol test administered in substantial compliance with Ohio Administrative Code regulations are admissible in a prosecution under R.C. 4511.19. State v. French (1995),72 Ohio St.3d 446, paragraph one of the syllabus.
 {¶ 11} Ohio Administrative Code 3701-53-05(F) provides, "[w]hile not in transit to a laboratory or under examination, all urine and blood specimens shall be refrigerated at a temperature of forty-two degrees Fahrenheit or below." At the suppression hearing, Officer Skornica and Brett Might, the nurse who collected appellant's blood, testified that appellant's blood was drawn at 2:58 a.m. The witnesses also testified that after the appellant's blood was drawn, the sample was secured, sealed, labeled with the name of the appellant, the date and time of collection, initialed by the nurse, and given to Officer Skornica. Officer Skornica further testified that he left with the sample at 3:30 a.m. en route to Findlay, Ohio.
 {¶ 12} From the evidence presented, the trial court determined that appellant's blood was, indeed, drawn at 2:58 a.m. and that Officer Skornica did not leave for Findlay, Ohio until 3:30. However, the trial court found that from the time the appellant's blood sample was given to Officer Skornica, the blood was "in transit," negating a need for refrigeration pursuant to Ohio Administrative Code 3701-53-05. The trial court, therefore, concluded that the state had demonstrated substantial compliance with the administrative regulation.
 {¶ 13} We find that competent, credible evidence exists to support the trial court's finding that the state demonstrated substantial compliance with Ohio Administrative Code 3701-53-05. Although a period of thirty-two minutes elapsed between the time appellant's blood was drawn and Officer Skornica left to transport the sample to Findlay, Ohio, there were several procedural steps that had to be taken after it was drawn and before the officer could leave the hospital with it. The blood had to be sealed, labeled with appellant's information and initialed by the nurse. We find that if failing to refrigerate the sample during this time was error, it was, at most, a minor procedural deviation. See Burnside, supra. Therefore, we do not find that substantial compliance was lacking.[1] Moreover, the appellant has failed to demonstrate how the lack of refrigeration during that thirty-two minute period affected the results of his blood-alcohol test.
 {¶ 14} Accordingly, appellant's assignment of error is overruled.
 {¶ 15} Having found no error prejudicial to appellant herein, in the particulars assigned and argues, we affirm the judgment of the trial court.
Judgment affirmed.
 Shaw, P.J., and Rogers, J., concur.
[1] See also Village of Gates Mills v. Wazbinski (2003) 2003 WL 22510491, wherein the Eighth District Court of Appeals determined that a police officer's failure to refrigerate a blood sample for three hours constituted substantial compliance with Ohio Administrative Code 3701-53-05.