JOURNAL ENTRY and OPINION
{¶ 1} This is an accelerated appeal brought pursuant to App.R. 11.1 and Loc.R. 11.1. The purpose of an accelerated appeal is to permit the appellate court to render a brief and conclusory opinion. Crawford v.Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158.
 {¶ 2} Plaintiff-appellant the City of Cleveland invokes Crim.R. 12(K) in order to challenge in its two assignments of error the Cleveland Municipal Court's decision to grant a portion of defendant-appellee Terry G. Stover's motion to suppress evidence.[1]
 {¶ 3} The trial court found that since the city did not perform a timely post-test calibration of the instrument used to measure Stover's blood alcohol content ("BAC"), the city had not "substantially complied" with Ohio Administrative Code ("OAC") regulations.[2] As a result of the trial court's decision, the test results were deemed inadmissible at his trial for driving under the influence of alcohol ("DUI").
 {¶ 4} This court will decide the case on its merits, although based upon the facts of this case, the city's Crim.R. 12(K) certification seems improbable.[3] Nevertheless, the city's decision to invoke Crim.R. 12(K)is a matter of trial judgment to which this court will give deference. Moreover, the issue the city raises has merit.
 {¶ 5} The record reflects Stover became involved in an automobile accident following his attendance at a Cleveland Browns football game. When a Cleveland Police officer responded to the scene, he first administered field sobriety tests to Stover, then Stover submitted to a BAC test which provided a result over the legal limit. Stover received citations for violating three city ordinances; relevant to this appeal was Stover's violation of Cleveland Codified Ordinance 433.01, DUI.
 {¶ 6} After obtaining discovery, Stover filed a motion to suppress evidence. In part, he challenged the BAC test results based upon the timing of the instrument's calibration. The trial court held a hearing on the motion. During the hearing, the city prosecutor stated for the record that Stover had been cited for DUI rather than driving with a prohibited BAC.
 {¶ 7} The parties did not dispute the fact that the instrument had been calibrated six days before Stover's test. The prosecutor acknowledged, however, that the post-test calibration occurred nine days later. There was no suggestion at the hearing that the instrument did not perform properly.[4] Nevertheless, the trial court held that the city had not substantially complied with its duties, and granted the portion of Stover's motion to suppress evidence that sought to exclude the results of the BAC test.
 {¶ 8} This court does not dispute the trial court's factual conclusions, but analyzes whether it met the applicable legal standard.Gates Mills v. Wazbinski, Cuyahoga App. No. 81863, 2003-Ohio-5919, ¶ 18.
 {¶ 9} In State v. Glenn, Seneca App. No. 13-04-15, 2004-Ohio-7038, ¶10, the applicable legal standard was stated as follows:
 {¶ 10} "In general, when faced with a challenge to the admissibility of a blood test on the grounds that the state failed to comply with its regulations, the state must show substantial compliance, rather than strict compliance, with administrative regulations. * * * [T]he state has the burden of proving substantial compliance with the regulations set forth by the Ohio Administrative Code. State v. Plummer (1986),22 Ohio St.3d 292, 294, 22 B. 461, 490 N.E.2d 902. The Ohio Supreme Court has stated that only `minor procedural deviations' will be excused under the substantial compliance standard. State v. Burnside, 100 Ohio St.3d 152,2003 Ohio 5372, ¶ 34, 797 N.E.2d 71. Moreover, absent a showing of prejudice to a defendant, the results of a blood-alcohol test administered in substantial compliance with Ohio Administrative Code regulations are admissible * * *. State v. French (1995), 72 Ohio St.3d 446, 1995 Ohio 32, 650 N.E.2d 887, paragraph one of the syllabus."
 {¶ 11} When the legal standard is applied to the facts of this case, it is apparent the trial court's decision was incorrect. This court previously has stated that, as opposed to an alleged violation of driving with a prohibited BAC content, in a prosecution for DUI, the "accuracy of the test is not [so] critical as" is the behavior of the defendant. GatesMills v. Wazbinski, supra at ¶ 56.
 {¶ 12} In this case, indeed, the accuracy of the test itself is not even at issue, but only whether the post-test calibration, although untimely, constituted only a "minor deviation" from OAC requirements. The object is to ensure the city maintained "substantial" compliance with the regulations promulgated by the Ohio Director of Health, as defined by the Ohio Supreme Court in Burnside and Plummer. Since there is no indication the machine malfunctioned either before, during, or after the test given to Stover, this court holds the city met its burden. Id. Moreover, since Stover was under prosecution for DUI and not prohibited BAC, he demonstrated no prejudice from the city's failure strictly to comply with OAC requirements. State v. Glenn, supra.
 {¶ 13} The city's assignments of error are sustained.
 {¶ 14} The trial court's order is reversed, and this case is remanded for further proceedings.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J. Concurs Blackmon, P.J. Dissents (see separate dissentingopinion)
[1] The city's assignments of error state:
"I. The trial court erred in granting the motion to suppress because the BAC Datamaster was administered to Stover within the prescribed time of a proper pre-test calibration of the breath-test instrument.
"II. The trial court abused its discretion
A. By granting Stover's motion to suppress despite Ohio case law requiring only a proper pre-test calibration
B. By granting Stover's motion to suppress despite the city being in substantial compliance with the Ohio Department of Health regulations."
[2] OAC Section 3701-53-04(A) requires an instrument check "no less than once every seven days," and permits a check "any time up to one hundred and ninety-two hours after the last instrument check."
[3] In order to appeal the trial court's decision, Crim.R. 12(K) requires the city to certify that the granting of the motion to suppress evidence has rendered its "proof with respect to the pending charges so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed." (Emphasis added.)
[4] The Alcohol/Drug Influence Report Form does not appear in the record on appeal.
 DISSENTING OPINION