OPINION
{¶ 1} Defendant-appellant Kimberly Rauscher appeals the judgment of the Marion County Municipal Court. For the reasons that follow, we affirm the trial court.
 {¶ 2} On September 2, 2005, Rauscher called 911 to report that she had "just" been in an accident. The Marion Post of the Highway Patrol dispatched Trooper Walsh to the single car accident at approximately 3:36 a.m. Rauscher was taken to the Marion Hospital. At the hospital, Trooper Walsh read Rauscher an implied consent form and Rauscher consented to a blood alcohol test. Trooper Walsh then supplied a blood kit provided by the Highway Patrol, and a nurse collected Rauscher's blood. Trooper Walsh filled out the property control form which indicated that the blood was collected at 5:05 a.m., and he mailed the blood sample.
 {¶ 3} Rauscher was charged with operating a vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), and failure to control in violation of R.C. 4511.202. After Trooper Walsh received the blood test result of .085 grams by weight of alcohol per one hundred milliliters of whole blood, he also charged Rauscher with operating a vehicle with a prohibited concentration of alcohol, in violation of R.C.4511.19(A)(1)(b). *Page 3 
 {¶ 4} Rauscher pled not guilty to the charges. Rauscher then filed a motion to suppress the blood alcohol test. The trial court subsequently denied the motion.
 {¶ 5} On August 2, 2006, Rauscher pled no contest with a stipulated finding of guilty to the violation of R.C. 4511.19(A)(1)(b), and the remaining charges were dismissed. The trial court found Rauscher guilty. The trial court sentenced Rauscher to thirty days in jail and a fine of $1,000 with twenty seven days of the jail sentence and $600 of the fine suspended if the defendant attends a three day jail alternate course and abides by the laws of the State of Ohio and its subdivisions for one year. The trial court also ordered a six month drivers license suspension and court costs.
 {¶ 6} It is from the trial court's judgment denying Rauscher's motion to suppress that Rauscher appeals and sets forth two assignments of error for our review.
 ASSIGNMENT OF ERROR NUMBER I THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT IN DENYING HER MOTION TO SUPPRESS THE BLOOD-ALCOHOL TEST RESULTS WHEN THERE WAS NO EVIDENCE TO SHOW THAT THE BLOOD WAS WITHDRAWN WITHIN TWO HOURS OF ANY ALLEGED OPERATION OF A MOTOR VEHICLE.
 {¶ 7} In her first assignment of error, Rauscher argues that in order for the blood alcohol test results to be admitted the blood must be drawn within two hours *Page 4 
of the accident. Rauscher argues the state failed to present evidence that the blood was withdrawn within the time requirements, and thus, the trial court erred in denying her motion to suppress.
 {¶ 8} "Appellate review of a motion to suppress presents a mixed question of law and fact." State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, 797 N.E.2d 71, at ¶ 8. When deciding a suppression motion, the trial court assumes the role of the trier of fact, and thus, the trial court is in the best position to evaluate the evidence and the credibility of witnesses. Id., citing State v. Mills (1992),62 Ohio St.3d 357, 366, 582 N.E.2d 972. Accordingly, "an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." Id., citing State v. Fanning (1982),1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583. However, an appellate court must review the trial court's conclusions of law under a de novo standard and determine "whether the facts satisfy the applicable legal standard." Id., citing State v. McNamara (1997), 124 Ohio App.3d 706,710, 707 N.E.2d 539.
 {¶ 9} R.C. 4511.19(D)(1) provides,
 In any criminal prosecution * * * for a violation of division (A) or (B) * * *, the court may admit evidence on the concentration of alcohol * * * in the defendant's whole blood, blood serum or plasma, * * * at the time of the alleged violation as shown by chemical analysis of the substance withdrawn within two hours *Page 5 of the time of the alleged violation."
R.C. 4511.19(D)(1).[1]
 {¶ 10} In the present case, the trial court found that Rauscher made a 911 call at 3:36 a.m. on September 2, 2005. During the 911 call, Rauscher stated that she "just had an accident." The trial court further found that Trooper Walsh was dispatched to the scene and that he noted the time of the incident as 3:34 a.m. because he allowed for an approximate gap of two minutes for the call and for dispatch to contact him. The trial court determined that the earliest time documented for the violation was 3:34 a.m. and that Rauscher's blood was collected at 5:05 a.m. Accordingly, the trial court found that the blood was collected within the two hour limit provided by statute.
 {¶ 11} After reviewing the record, we find that there is competent, credible evidence to support the trial court's determination. Trooper Walsh testified that he was dispatched to the accident and that Rauscher was the driver of the vehicle. The 911 tape reveals that Rauscher called 911 and stated that she had "just had an accident." Trooper Walsh testified "[Rauscher] said she just crashed her car and that call came in just before 3:36." There was no indication that Rauscher lost *Page 6 
consciousness after the accident occurred. In addition, Trooper Walsh testified that he was dispatched to the accident at 3:36 and that he wrote down the time of the accident as 3:34. According to Trooper Walsh, "911 goes to the Sheriffs Office, the Sheriffs Office calls the Patrol Post, the Patrol Post will dispatch an officer. That generally takes about two minutes." Trooper Walsh further testified that Rauscher's blood was drawn at 5:05 a.m.
 {¶ 12} Although the accident may not have occurred exactly at 3:34 a.m., Rauscher's statement to the 911 dispatcher can quite reasonably be taken to mean that the accident occurred only a short time before her 911 call, which would indicate that the blood was taken well within the two hour limit. The accident would have had to have occurred over 29 minutes before Rauscher's 911 call for the two hour time to have expired, and there simply is no evidence to indicate anything other than the accident had occurred shortly before the accident was reported at 3:34 a.m.
 {¶ 13} Since there is competent credible evidence to support the trial court's finding that Rauscher's blood was drawn at 5:05 a.m. and that the earliest documented time for the violation was 3:34 a.m., we must accept the trial court's findings of fact as true. The trial court drew a reasonable inference that the phrase "just had an accident" indicates that the 911 call was very near in time to the accident. The defendant failed to provide any other explanation for her statement. *Page 7 
Accordingly, we find the trial court did not err in ruling that the blood was withdrawn within two hours of the alleged violation pursuant to R.C. 4511.19.
 {¶ 14} Rauscher's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER II THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT WHEN IT FAILED TO SHOW SUBSTANTIAL COMPLIANCE WITH R.C. 4511.19(D)(1) AND THE OHIO ADMINISTRATIVE CODE CHAPTER 3701-53 IN OVERRULING APPELLANT'S MOTION TO SUPPRESS THE BLOOD ALCOHOL TEST RESULTS.
 {¶ 15} In her second assignment of error, Rauscher argues that the prosecution failed to provide evidence to show substantial compliance with the blood testing requirements. Specifically, Rauscher argues that the officer's testimony was only a guess that the person drawing the blood was a "nurse", that a non-alcoholic antiseptic was used, that a sterile needle was used, that there was a chain of custody present, that the sample was analyzed in accordance with the Department of Health regulations, and that when the sample was not in transit that it was refrigerated.
 {¶ 16} The prosecution has the burden of proving substantial compliance with the regulations in the Ohio Administrative Code.State v. Glenn, 3d Dist. No. 13-04-15, 2004-Ohio-7038, at ¶ 10, citingState v. Plummer (1986), 22 Ohio St.3d 292, 294, 490 N.E.2d 902. The Ohio Supreme Court has limited the substantial compliance standard inPlummer to "excusing only errors that are clearly de *Page 8 
minimis." Burnside, 2003-Ohio-5372, at ¶ 34; Glenn, at ¶ 10. Once the prosecution establishes substantial compliance, the burden shifts to the defendant to demonstrate that the defendant is prejudiced by anything less than strict compliance. Burnside, 2003-Ohio-5372, at ¶ 24, citingState v. Brown (1996), 109 Ohio App.3d 629, 632, 672 N.E.2d 1050.
 {¶ 17} At the beginning of the suppression hearing the following discussion occurred:
 Mr. Wilson: The issues, Your Honor, in this case center around several things. Whether the two-hour time limit was adhered to as required by the statute. In other words, whether the blood test, if the blood test, in this case, was taken within two hours of the time of the alleged driving and the second aspect of it is whether it was collected properly.
 The Court: so those are the two main issues?
 Mr. Wilson: Those are the two main issues.
 {¶ 18} In addition, the following discussion occurred at the end of the suppression hearing regarding the issues being challenged:
 Mr. Wilson: * * * I guess we may ask the Record to stay open. My understanding is we are here on whether the blood was collected in two hours. (Inaudible) was it collected correctly. There's been some questions about when it was received in the lab and so forth and if we need to present evidence on that, I'm going to have to get somebody from the lab and I did not arrange for that (inaudible).
 The Court: Mr. Wilson, at the beginning of this Hearing, I have down in my notes that it's the two-hour limit collection of the blood test and whether it was collected properly. Are you taking this further into the lab?
 Mr. Wilson: When it was received in Columbus and the analysis down in Columbus — — no (inaudible). *Page 9 
 The Court: Okay, so you're just leaving it with the officer's collection and the trooper's collection?
 Mr. Wilson: Yeah, and with that we rest, Your Honor.
 {¶ 19} At the suppression hearing, Rauscher's attorney specifically limited the issues to whether the blood was collected within two hours of the incident and whether the officer properly collected Rauscher's blood. Accordingly, we find the issues regarding calibration, chain of custody, and the analyzing of the blood sample have been waived for purposes of appeal.
 {¶ 20} Under R.C. 4511.19(D)(1), "only a physician, a registered nurse, or a qualified technician, chemist, or phlebotomist shall withdraw blood for the purpose of determining the alcohol * * * content of the whole blood, blood serum, or blood plasma." Further, Ohio Administrative Code 3701-53-05 provides,
 "(B) When collecting a blood sample, an aqueous solution of a non-volatile antiseptic shall be used on the skin. No alcohols shall be used as a skin antiseptic.
 (C) Blood shall be drawn with a sterile dry needle into a vacuum container with a solid anticoagulant, or according to the laboratory protocol as written in the laboratory procedure manual based on the type of specimen being tested.
 * * *
 (E) Blood * * * shall be sealed in a manner such that tampering can be detected and have a label which contains at least the following information:
 (1) Name of suspect;
 (2) Date and time of collection; *Page 10 
 (3) Name or initials of person collecting the sample; and
 (4) Name or initials of person sealing the sample;
 (F) While not in transit or under examination, all blood * * * shall be refrigerated.
 {¶ 21} At the suppression hearing, Trooper Walsh testified that he opened a blood kit and had the nurse draw the blood and insert the blood into a vial. Trooper Walsh further testified that the blood kit had an iodine swab, that he saw a nurse use an iodine swab, and that there was no alcohol in the iodine swab. According to Trooper Walsh's testimony, there was an anticoagulant already in the sealed tube. Trooper Walsh further testified that after the nurse draws the blood "[t]he nurse signs off on a stopper cap sticker, an evidence sticker. The nurse who drew the blood, what time it was drawn, and he hands it to me."
 {¶ 22} Furthermore, Trooper Walsh testified that the blood was collected at 5:05 a.m., that he packaged the sample in accordance with the instructions in the blood kit, that he mailed the package to the OSP Crime Lab, and that he put the blood sample in the mail at 7:15 a.m. The Ohio Administrative Code only requires the blood to be refrigerated when the blood is not in transit or being analyzed. See Ohio Administrative Code 3701-53-05(F). The two hours and ten minutes that elapsed between the time the blood sample was collected and the sample was placed in transit constituted substantial compliance with the Ohio *Page 11 
Administrative Code. See Village of Gates Mills v. Wazbinski, 8th Dist. No. 81863, 2003-Ohio-5919, at ¶ 54 (holding that the failure to refrigerate a blood sample for three hours constituted substantial compliance).
 {¶ 23} The trial court found that the Trooper observed the nurse collecting Rauscher's blood into the kit the Trooper had supplied. The trial court further found that an anticoagulant was in the tube prior to the collection, and the nurse sealed and labeled the tube. The trial court also found that the Trooper packaged the sample and mailed the sample that same day.
 {¶ 24} After reviewing the record, we find that the prosecution has established substantial compliance with the Ohio Administrative Code regulations. Trooper Walsh testified that a nurse drew the blood, the nurse used an iodine swab which contained no alcohol, and that the blood was inserted into a sealed vial which contained an anticoagulant. The Trooper further testified that the blood sample was labeled, packaged, and placed in transit within two hours and ten minutes after the blood was withdrawn. Moreover, Rauscher has failed to show that she was prejudiced by anything less than strict compliance. Accordingly, we hold that the trial court did not err in denying Rauscher's motion to suppress.
 {¶ 25} Rauscher's second assignment of error is overruled. *Page 12 
 {¶ 26} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the trial court's judgment.
Judgment Affirmed.
 SHAW and WILLAMOWSKI, J.J., concur.
[1] The statute has been amended effective April 4, 2007. The statute now provides, "In any criminal prosecution * * * for a violation of division (A) or (B) * * * the court may admit evidence on the concentration of alcohol * * * in the defendant's whole blood * * * at the time of the alleged violation as shown by chemical analysis of the substance withdrawn within three hours of the time of the alleged violation." R.C. 4511.19 (D)(1)(b), emphasis added. *Page 1