[Cite as *State v. Drake*, 2014-Ohio-509.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| CAMERON R. DRAKE | : | Case No. 13CA15 |
| | : | |
| Defendant Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Mount Vernon Municipal Court, Case No. 12-TRC-5482

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     February 12, 2014

APPEARANCES:

For Plaintiff-Appellee

P. ROBERT BROEREN, JR.
5 North Gay Street
Suite 222
Mount Vernon, OH 43050

For Defendant-Appellant

CHASE A. MALLORY
580 East Rich Street
Columbus, OH 43215

*Farmer, J.*

{¶1} On December 28, 2012, Ohio State Highway Patrol Trooper James Burkhart stopped appellant, Cameron Drake, for failing to use a turn signal. Upon investigation, appellant was asked to perform a BAC DataMaster breathalyzer test. The breathalyzer machine had been calibrated by Trooper Kamal Nelson. Appellant was subsequently charged with two counts of operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) and (d) and failing to use a signaling device in violation of R.C. 4511.39.

{¶2} On February 7, 2013, appellant filed a motion to suppress, claiming the breathalyzer was not taken in substantial compliance with the rules and regulations of the National Highway Traffic Safety Administration (hereinafter "NHTSA"). A hearing was held on March 19, 2013. By journal entry filed May 1, 2013, the trial court denied the motion.

{¶3} On May 28, 2013, appellant pled no contest to the R.C. 4511.19(A)(1)(d) charge (operating a motor vehicle with a prohibited blood alcohol content), and the other two charges were dismissed. By sentencing entry filed same date, the trial court found appellant guilty and sentenced him to five years of community control.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶5} "THE TRIAL COURT ERRED WHEN IT FOUND THE TROOPER POSSESSED A VALID SENIOR OPERATOR'S PERMIT AS REQUIRED TO ADMINISTER THE TEST TO APPELLANT."

I

{¶6} Appellant claims the trial court erred in denying his motion to suppress the results of the BAC DataMaster test as Trooper Burkhart did not possess a valid senior operator permit to operate the machine. We disagree.

{¶7} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist.1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams,* 86 Ohio App.3d 37 (4th Dist.1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist.1993); *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶8}   R.C. 3701.143 states the following:

For purposes of sections 1547.11, 4511.19, and 4511.194 of the Revised Code, the director of health shall determine, or cause to be determined, techniques or methods for chemically analyzing a person's whole blood, blood serum or plasma, urine, breath, or other bodily substance in order to ascertain the amount of alcohol, a drug of abuse, controlled substance, metabolite of a controlled substance, or combination of them in the person's whole blood, blood serum or plasma, urine, breath, or other bodily substance.   The director shall approve satisfactory techniques or methods, ascertain the qualifications of individuals to conduct such analyses, and issue permits to qualified persons authorizing them to perform such analyses.   Such permits shall be subject to termination or revocation at the discretion of the director.

{¶9}   Appellant argues there was a violation of Ohio Adm.Code 3701-53-09(F)(3) which states the following (applicable version):

(F) To qualify for renewal of a permit under paragraph (A) or (B) of this rule:

(3) If the individual seeking a renewal permit currently holds an operator or senior operator permit, the permit holder shall have completed satisfactorily an in-service course for the applicable type of evidential

breath testing instrument which meets the requirements of paragraph (B) of this rule, which includes review of self-study materials furnished by the director.

{¶10} Appellant argues the evidence does not demonstrate that Trooper Burkhart had a valid operator permit for the BAC DataMaster machine. Appellant's position is that neither Trooper Burkhart nor Trooper Nelson testified they participated in an in-service course prior to the renewal of their permits.

{¶11} In its journal entry filed May 1, 2013, the trial court specifically found both troopers had valid senior operator permits to operate the machine. Both troopers testified they had valid senior operator permits, and they passed both the written test and the proficiency test administered by the Department of Health. T. at 5, 8, 24-25, 41; State's Exhibits 1 and 6.

{¶12} In *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 24, the Supreme Court of Ohio explained the following:

> After a defendant challenges the validity of test results in a pretrial motion, the state has the burden to show that the test was administered in substantial compliance with the regulations prescribed by the Director of Health. Once the state has satisfied this burden and created a presumption of admissibility, the burden then shifts to the defendant to rebut that presumption by demonstrating that he was prejudiced by anything less than strict compliance. *State v. Brown* (1996), 109 Ohio

App.3d 629, 632, 672 N.E.2d 1050.  Hence, evidence of prejudice is relevant only after the state demonstrates substantial compliance with the applicable regulation.

{¶13}  The *Burnside* court further stated at ¶ 34:

Nevertheless, we are cognizant that if "we were to agree***that any deviation whatsoever from th[e] regulation rendered the results of a [test] inadmissible, we would be ignoring the fact that strict compliance is not always realistically or humanly possible." *Plummer,* 22 Ohio St.3d at 294, 22 OBR 461, 490 N.E.2d 902.  Precisely for this reason, we concluded in *Steele* that rigid compliance with the Department of Health regulations is not necessary for test results to be admissible.  *Steele,* 52 Ohio St.2d at 187, 6 O.O.3d 418, 370 N.E.2d 740 (holding that the failure to observe a driver for a "few seconds" during the 20–minute observation period did not render the test results inadmissible).  To avoid usurping a function that the General Assembly has assigned to the Director of Health, however, we must limit the substantial-compliance standard set forth in *Plummer* to excusing only errors that are clearly de minimis.  Consistent with this limitation, we have characterized those errors that are excusable under the substantial-compliance standard as "minor procedural deviations." *State v. Homan* (2000), 89 Ohio St.3d 421, 426, 732 N.E.2d 952.

{¶14} Both troopers took and passed a written test and a proficiency test for renewal. Based upon the results of the tests, the Director of Health issued senior operator permits to the troopers. We concur with the trial court's finding that the troopers had valid senior operator permits.

{¶15} The fact that testimony was not presented on any in-service course is de minimis to the validity of a permit issued by the Director of Health. The troopers' ability to administer the test is established by the issuance of the valid permits. Both troopers testified to obtaining previous permits, 14 (Burkhart) and 13 (Nelson), and their use of and calibration of the BAC DataMaster machine. T. at 5-7, 41.

{¶16} The sole assignment of error is denied.

{¶17} The judgment of the Mount Vernon Municipal Court of Knox County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.


SGF/sg  117