OPINION
{¶ 1} Appellant Merle J. Miller appeals his conviction in the New Philadelphia Municipal Court on one count of driving under the influence in violation of R.C. 4511.19(A).
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} On March 9, 2003, Officer Rocky Dusenberry of the New Philadelphia Police Department arrested Appellant. Subsequent to the arrest, Appellant submitted to a breath-alcohol test on a B.A.C. Datamaster at the New Philadelphia Police Department, which indicated that he had .179 grams of alcohol per 210 liters of breath.
{¶ 4} As a result of said test, Appellant was charged with violations of R.C. 4511.19(A)(1) and (A)(6).
{¶ 5} On May 2, 2003, Appellant filed a motion to suppress.
{¶ 6} On June 20, Appellant filed a second supplemental motion to suppress.
{¶ 7} On June 9, 2003, the motion came on for hearing before a Magistrate.
{¶ 8} In a July 14, 2003, decision, the Magistrate granted Appellant's motion to suppress and scheduled a bench trial for August 4, 2003.
{¶ 9} On July 24, 2003, the State of Ohio objected to the Magistrate's decision.
{¶ 10} The trial was continued.
{¶ 11} On November 24, 2003, the trial court overruled the Magistrate's Decision, rejecting Appellant's Motion to Suppress.
{¶ 12} On November 24, 2003, a Nunc Pro Tunc Entry was filed correcting a minor error in the original entry,
{¶ 13} On March 17, 2004, Appellant entered a plea of no contest to a violation of R.C. 4511.19(A).
{¶ 14} Appellant now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR
{¶ 15} "The trial court erred and prejudiced the appellant in failing to suppress the results of the breath test conducted on March 9, 2003 for the reasons that the state of Ohio failed to comply with breath testing instrument checks as mandated by Ohio administrative code sections 3701-53-04(A) and 3701-53-09(B) 
(C)."
 I.
{¶ 16} In his sole assignment of error, Appellant argues that the trial court erred in denying his motion to suppress asserting that the State did not comply with the Ohio Administrative Code requirements. We disagree.
{¶ 17} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case.State v. Curry (1994), 95 Ohio App. 3d 93, 96; State v.Claytor (1993), 85 Ohio App. 3d 623, 627; State v. Guysinger
(1993), 86 Ohio App. 3d 592.
{¶ 18} In the instant appeal, appellant's challenge of the trial court's ruling on his motion to suppress is based on the third method. Accordingly, this court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in this case.
{¶ 19} Revised Code § 3701.143 authorizes the Department of Health to promulgate regulations concerning chemical analysis of a person's blood, urine, breath, or other bodily substances in order to ascertain the presence and amount of alcohol. Accordingly, the Department of Health has promulgated Ohio Adm. Code 3701-53-04 through 3701-53-09. It is incumbent upon the state to demonstrate compliance with those regulations before the results of a breath test given to an accused are admissible in evidence against a criminal defendant. State v. Pagan (Nov. 10, 1999), 7th Dist. No. 97 CA 80, at 2.
{¶ 20} However, the state need only prove substantial compliance with the administrative regulations. State v.Plummer (1986), 22 Ohio St.3d 292, 294, 22 OBR 461,490 N.E.2d 902. In Plummer, the Ohio Supreme Court held that absent a showing of prejudice to a defendant, the results of an alcohol test administered in "substantial compliance" with the Ohio Department of Health regulations governing alcohol testing are admissible in evidence for prosecution of a case under R.C.4511.19. The Ohio Supreme Court has consistently held that substantial compliance with pertinent regulations resolves the issue of the admissibility of the BAC test result. Defiance v.Kretz (1991), 60 Ohio St.3d 1; Plummer, supra; State v.Dickerson (1986), 25 Ohio St.3d 64; State v. Steele (1977),52 Ohio St.2d 187.
{¶ 21} In the wake of Plummer, courts have applied a burden-shifting procedure to govern the admissibility of alcohol-test results. E.g., State v. Zuzga,141 Ohio App.3d at 698-699,753 N.E.2d 229. The defendant must first challenge the validity of the alcohol test by way of a pretrial motion to suppress; failure to file such a motion "waives the requirement on the state to lay a foundation for the admissibility of the test results." State v. French (1995), 72 Ohio St.3d 446, 451,650 N.E.2d 887. After a defendant challenges the validity of test results in a pretrial motion, the state has the burden to show that the test was administered in substantial compliance with the regulations prescribed by the Director of Health. Once the state has satisfied this burden and created a presumption of admissibility, the burden then shifts to the defendant to rebut that presumption by demonstrating that he was prejudiced by anything less than strict compliance. State v. Brown (1996),109 Ohio App.3d 629, 632, 672 N.E.2d 1050. Evidence of prejudice is relevant only after the state demonstrates substantial compliance with the applicable regulation.
{¶ 22} Against this backdrop, we turn to the instant case.
{¶ 23} In the case sub judice, it has been stipulated that the B.A.C. Datamaster which is the subject of this appeal was calibrated on March 3, 2003, and March 12, 2003. (T. at 3). Appellant's breath test was conducted on March 9, 2003.
{¶ 24} Appellant argues that the nine day interval between calibrations is not in compliance with O.A.C. 3701.53.04(A), which states:
{¶ 25} "(A) A senior operator shall perform an instrument check on approved evidential breath testing instruments and a radio frequency interference (RFI) check no less frequently than once every seven days in accordance with the appropriate instrument checklist for the instrument being used. The instrument check may be performed anytime up to one hundred and ninety-two hours after the last instrument check."
{¶ 26} In the instant case, Appellant's breath test was performed six days after the March 3, 2004, calibration, well within the seven day requirement. We fail to see how the fact that the machine was not calibrated again until March 12, 2004, affected the Appellant's test results.
{¶ 27} Additionally, Appellant also argues that the officers who conducted the calibration tests did not qualify as "senior operators" under the above code section because the officers' permits were not valid.
{¶ 28} The March 3, 2003, instrument check was conducted by Officer Dusenberry, whose operator's permit was issued on October 20, 2001. The March 12, 2003, instrument check was conducted by Officer Randy Williamson whose permit was issued on January 16, 2002.
{¶ 29} O.A.C. §§ 3701.53-09(B)and (C), state:
{¶ 30} "(B) Individuals desiring to function as senior operators or operators shall apply to the director of health for permits on forms prescribed and provided by the director of health. A separate application shall be filed for each type of evidential breath testing instrument for which the permit is sought.
{¶ 31} "The director of health shall issue appropriate permits to perform tests to determine the amount of alcohol in a person's breath to individuals who qualify under the applicable provisions of rule 3701-53-07 of the Administrative Code. Individuals holding permits issued under this rule shall use only those evidential breath testing instruments for which they have been issued permits.
{¶ 32} "(C) Permits issued under paragraphs (A) and (B) of this rule shall expire one year from the date issued, unless revoked prior to the expiration date. An individual holding a permit may seek renewal of an issued permit by the director under paragraphs (A) and (B) of this rule by filing an application with the director no sooner than six months before the expiration date of the current permit. The director shall not renew the permit if the permit holder is in proceedings for revocation of his or her current permit under rule 3701-53-10 of the Administrative code."
{¶ 33} Prior to September 30, 2002, this code section provided that such permits expired two years from the date of issuance.
{¶ 34} This Court has previously had an opportunity to address this issue. In State v. Baker (April 2, 2004), Fairfield App. No. 03-CA-77, wherein we held:
{¶ 1} "The State argues that because the permits in question were issued prior to the 9/30/02 amendment, the two year expiration date applies. Appellant, conversely, argues that the new one year expiration date applies and therefore such permits were expired on May 16, 2003, when Appellant was administered such breathalyzer test.
{¶ 2} Upon review of Ohio Administrative Code § 3701-53-09, we agree with the trial court's finding that the permits involved were valid at the time of the administration of the test and that that the new one year expiration period applies only to permits issued after September 30, 2002. The current version of this rule provides: "(C) Permits issued under paragraphs (A) and (B) of this rule shall expire one year from the date issued . . .". However, we find that the permits in question were issued pursuant to the previous version of this rule, which provided for a two year expiration period.
{¶ 35} Furthermore, we find that even if such permits had expired, the failure of the officer to have a valid permit issued by Department of Health to perform such testing would not render such test results inadmissible as long as the test was performed by competent, qualified personnel, who used accepted practices. The lack of a valid permit would only go to weight of test result, not its admissibility. Cleveland v. Haffey (1998)94 Ohio Misc.2d 79, 703 N.E.2d 380."
{¶ 36} The Fourth District reached the same conclusion inState v. Brunson (Ohio App. 4 Dist., Washington, 05-27-2004) No. 04CA4, 2004-Ohio-2874, wherein they held that the amended version of statute providing for a one-year expiration period on permits to perform breath alcohol tests did not apply to police officer's permit that had been issued under the prior version of the statute providing for a two-year expiration period; nothing in the amended version of the statute indicated that it was to operate retrospectively.
{¶ 37} Based on the foregoing, we find Appellant's sole assignment of error not well-taken and overrule same.
{¶ 38} We therefore affirm the judgment and conviction of the trial court.
By: Boggins, J., Wise, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the New Philadelphia Municipal Court, Tuscarawas County, Ohio is affirmed. Costs assessed to Appellant.