OPINION
{¶ 1} Appellant Terrance Williams appeals his conviction, in the Canton Municipal Court, for operating a motor vehicle under the influence. The relevant facts leading to this appeal are as follows.
 {¶ 2} At approximately 2:45 AM on February 3, 2005, appellant left his workplace on Dressler Road in Jackson Township, Stark County. He proceeded in his 1993 Jeep to Everhard Road and began heading toward the city of North Canton. By the time he reached the North Canton portion of Everhard, appellant was traveling at about twenty-four miles per hour, in a thirty-five mile per hour zone. Due to this slow speed, the Jeep caught the attention of North Canton City Police Patrolman Scott Carrel. The officer began following the Jeep, observing it turn right onto South Main Street (which becomes Cleveland Avenue after leaving the city limits). Carrel then observed the Jeep weave twice outside its lane of travel on South Main. A traffic stop was immediately effectuated.
 {¶ 3} After some initial colloquy with appellant, Carrel administered field sobriety tests and utilized a portable breathalyzer. Appellant was thereupon arrested and charged with one count of OVI, a first-degree misdemeanor, and one count of driving in marked lanes, a minor misdemeanor. Appellant was arraigned on February 4, 2005, and entered a plea of not guilty. On March 5, 2005, appellant filed a motion to suppress. Following a hearing on March 17, 2005, the motion was overruled. Appellant thereafter filed a plea of no contest to both charges. The trial court found him guilty, and sentenced him to twenty days in Oriana House, fifty hours of community service, a fine of three hundred dollars, and a one-year license suspension.
 {¶ 4} On April 26, 2005, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:
 {¶ 5} "I. THE COURT ERRED IN FINDING THE ARRESTING OFFICER HAD PROBABLE CAUSE TO STOP APPELLANT.
 {¶ 6} "II. THE COURT ERRED IN FINDING THE ARRESTING OFFICER HAD REASONABLE GROUNDS TO SUSPECT APPELLANT HAD BEEN DRIVING UNDER THE INFLUENCE OF ALCOHOL."
 I. {¶ 7} In his First Assignment of Error, appellant contends the trial court erred in denying his motion to suppress as to the initial traffic stop. We disagree.
 {¶ 8} There are three methods of challenging, on appeal, a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning (1982), 1 Ohio St.3d 19,437 N.E.2d 583; State v. Klein (1991), 73 Ohio App.3d 486,597 N.E.2d 1141; State v. Guysinger (1993), 86 Ohio App.3d 592,621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams
(1993), 86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry
(1994), 95 Ohio App.3d 93, 641 N.E.2d 1172; State v. Claytor
(1993), 85 Ohio App.3d 623, 620 N.E.2d 906; Guysinger, supra. In the matter presently before us, we find appellant challenges the trial court's decision concerning the ultimate issue raised in his motion to suppress. Thus, in analyzing this Assignment of Error, we must independently determine whether the facts meet the appropriate legal standard.
 {¶ 9} It is well-settled law in Ohio that reasonable and articulable suspicion is required for a police officer to make a warrantless stop. Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868, 20 L.Ed.2d 889. The reasonable and articulable standard is a lesser standard and not synonymous with the probable cause standard needed to place a person under arrest. Delaware v.Prouse (1979), 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660. As a general matter, determinations of both reasonable suspicion and probable cause should be reviewed de novo on appeal. Ornelas v.U.S. (1996), 517 U.S. 690, 116 S.Ct. 1657, 1663,134 L.Ed.2d 911,
 {¶ 10} The police cruiser's dashboard camera tape reveals appellant swerved within his lane of travel several times while on Everhard. This matches Officer Carrel's testimony. See Tr. at 8. There is no white line visible on the right-hand side of Everhard, perhaps due to the snow remnants pushed off the road surface. Nonetheless, although the tape reveals no "over-the-line" violations during this stage of travel, appellant's passenger-side tires appear to approach or nearly touch the snow bank several times. After appellant turned right (southerly) on South Main, the tape indicates he first veered slightly from his right lane, with a driver's side tire appearing to briefly roll directly onto the dashed white line separating the two southbound lanes of travel on South Main. After a few more seconds, appellant weaved to the left a second time and again rolled over the dashed white line with his driver's side tires. It is difficult to determine from the tape how much of the Jeep's tire surfaces stray to the left of the dashed white line in these latter instances, but Officer Carrel, in his testimony, answered in the affirmative that "* * * it looks like there are two occasions the Defendant actually goes outside of his lanes (sic)." Tr. at 8. At least the second instance was in the vicinity of what appears to be an area of damaged or patched asphalt.[1] During the suppression hearing, Carrel answered in the affirmative that "the road's pretty chewed up there" and that there were "[p]otholes — that type of stuff" on that area of South Main. Tr. at 10.
 {¶ 11} Any traffic violation, even a de minimis violation, can form a sufficient basis upon which to stop a vehicle. Statev. Lambert (August 20, 2001), Stark App. No. 2001CA00089. "The severity of the violation is not the determining factor as to whether probable cause existed for the stop." State v.Weimaster (Dec. 21, 1999), Richland App. No. 99CA36. When determining whether or not an investigative traffic stop is supported by a reasonable, articulable suspicion of criminal activity, the stop must be viewed in light of the totality of circumstances surrounding the stop. See State v. Bobo (1988),37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus. "Courts have also found that weaving within a lane can support an investigatory stop, even when such weaving itself is not illegal." State v. Flanagan (June 14, 2000), Wayne App. No. 99CA0045, citing State v. Gedeon (1992), 81 Ohio App.3d 617,618-619, 611 N.E.2d 972.
 {¶ 12} In the case sub judice, we find the record and the police videotape reveal the following factors were before Officer Carrel on February 3, 2005: (1) Appellant's Jeep was traveling eleven miles per hour under the posted speed limit; (2) The time was between 2 AM and 3 AM; (3) Although previously-fallen snow is seen off the road, the asphalt was cleared and visible; (4) Appellant's Jeep weaved several times within its lane while on Everhard, in a more pronounced fashion than merely slowly drifting within the lane; (5) Appellant then committed two apparent lane violations on South Main, albeit in an area of potholes or patched road surface.
 {¶ 13} Upon review, we conclude the above factors, when viewed in their totality, provided sufficient reasonable suspicion for the officer to proceed with the traffic stop. Accordingly, we are unpersuaded the trial court erred in denying the motion to suppress.
 {¶ 14} Appellant's First Assignment of Error is overruled.
 II. {¶ 15} In his Second Assignment of Error, appellant contends the officer did not have probable cause to arrest following the initial traffic stop. However, appellant's trial counsel agreed at the suppression hearing that the only issue before the court was that of the propriety of the initial traffic stop. See Tr. at 4. The Ohio Supreme Court has recognized that "[f]ailure on the part of the defendant to adequately raise the basis of his [warrantless search or seizure] challenge constitutes a waiver of that issue on appeal." City of Xenia v. Wallace (1988),37 Ohio St.3d 216, 218, 524 N.E.2d 889, citing State v. Carter (Utah 1985), 707 P.2d 656.
 {¶ 16} Appellant's Second Assignment of Error is therefore overruled.
 {¶ 1} For the foregoing reasons, the judgment of the Canton Municipal Court, Stark County, Ohio, is hereby affirmed.
Wise, J. Boggins, P.J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed. Costs to appellant.
[1] Appellant urges that his vehicle had undergone recent suspension repair, and that he "was trying to avoid damaging the car to require more repairs." Appellant's Brief at 9. This information, of course, would not have been known to Officer Carrel when his decision to effectuate the stop was made.