OPINION
{¶ 1} This is an appeal from a finding of guilty after a no contest plea following the denial of a motion to suppress as to one count of a per se violation of R.C. § 4511.19.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant had been cited by Ohio State Trooper Spackey on June 7, 2005, who observed Appellant weaving in his lane of traffic and crossing the marked lanes of travel.
 {¶ 3} Such Trooper, upon stopping Appellant, noticed an odor of alcohol, lack of eye contact and red and glassy eyes.
 {¶ 4} Appellant acknowledged the prior consumption of alcohol.
 {¶ 5} Field sobriety tests were performed.
 {¶ 6} Subsequently, Appellant's breath test indicated 0.084 grams of alcohol per 210 liters of breath.
 {¶ 7} Appellant raises the following Assignments of Error:
 ASSIGNMENTS OF ERROR {¶ 8} "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS AS THE PERMITS ISSUED TO TROOPER'S GOSS, HEDGES, AND SPACKEY WERE NOT VALID ON THE DATE THE TEST WAS ADMINISTERED."
 {¶ 9} "II. THE TRIAL COURT ERRED IN FINDING THAT THE TROOPER SUBSTANTIALLY COMPLIED WITH THE NHTSA PROTOCOLS IN ADMINISTERING THE FIELD SOBRIETY TESTS.
 {¶ 10} "III. THE TRIAL COURT VIOLATED THE DEFENDANT'S DUE PROCESS RIGHTS BY AIDING THE PROSECUTOR IN HANDLING THE SUPPRESSION HEARING."
 {¶ 11} Each Assignment asserts error in the suppression ruling by the court.
 {¶ 12} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v.Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991),73 Ohio App.3d 486, State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See: Statev. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994),95 Ohio App.3d 93, 96, State v. Claytor (1993), 85 Ohio App.3d 623, 627,620 N.E.2d 906, 908, and State v. Guysinger (1993), 86 Ohio App.3d 592.
 I. {¶ 13} The First Assignment of Error asserts that the permits of each of the three officers involved were not valid on the date the breath test was administered.
 {¶ 14} Ohio Administrative Code Section 3701-53-09(c) provides;
 {¶ 15} "Permits issued under paragraphs (A) and (B) of this rule shall expire one year from the date issued, unless revoked prior to the expiration date. An individual holding a permit may seek renewal of an issued permit by the director under paragraphs (A) and (B) of this rule by filing an application with the director no sooner than six months before the expiration date of the current permit. The director shall not renew the permit if the permit holder is in proceedings for revocation of his or her current permit under rule 3701-53-10 of the Administrative Code."
 {¶ 16} Plaintiff's Exhibit 7 indicates that the permit of Officer Goss was issued October 14, 2004, with an expiration date of October 14, 2005.
 {¶ 17} State's Exhibit 8 as to Officer Hedges provides an issue date of February 27, 2005, with the expiration date being the same date in the succeeding year of 2006.
 {¶ 18} The permit of Officer Spackey states an issue date of November 18, 2004, with the expiration being November 18, 2005.
 {¶ 19} The test was administered on June 7, 2005.
 {¶ 20} As the issue date is the date of issuance under Adm. Code 3701-53-09 and not the application date, all three permits were valid on the date the test was conducted.
 {¶ 21} In addition, even if the test was conducted outside of their respective validity dates, this would not have negated their admissibility.
 {¶ 22} In State v. Miller, 5th Dist., App. No. 2004AP030023,2004-Ohio-6131, this Court held:
 {¶ 23} "Furthermore, we find that even if such permits had expired, the failure of the officer to have a valid permit issued by Department of Health to perform such testing would not render such test results inadmissible as long as the test was performed by competent, qualified personnel, who used accepted practices. `The lack of a valid permit would only go to weight of test result, not its admissibility.Cleveland v. Haffey (1998) 94 Ohio Misc.2d 79, 703 N.E.2d 380.' See also, State v. Baker, 5th Dist., App. No. 03-CA-77, 2004-Ohio-1769.
 {¶ 24} "The Fourth District reached the same conclusion in State v.Brunson (Ohio App. 4 Dist., Washington, 05-27-2004) No. 04CA4,2004-Ohio-2874, wherein they held that the amended version of statute providing for a one-year expiration period on permits to perform breath alcohol tests did not apply to police officer's permit that had been issued under the prior version of the statute providing for a two-year expiration period; nothing in the amended version of the statute indicated that it was to operate retrospectively."
 {¶ 25} Therefore the First Assignment is rejected.
 II. {¶ 26} The Second Assignment addresses the field sobriety tests.
 {¶ 27} Revised Code § 4511.19 requires substantial compliance with the standards enunciated by the National Highway Traffic Safety Administration (NHTSA). Such statute was amended to modify the strict requirement compliance of State v. Homan (2000), 89 Ohio St.3d 421. This Court, however, has held that strict compliance is required as to the HGN test. State v. Robinson (2005), 160 Ohio App.3d 802. (Appeal not accepted by the Ohio Supreme Court, 106 Ohio St.3d 1544.)
 {¶ 28} However, such case also held:
 {¶ 29} "The problem will only truly prejudice a defendant when the state relies exclusively on the HGN test at trial or where there were problems in the administration of the other FST's, or the other FST's otherwise yield inconclusive results."
 {¶ 30} Considerable stress is placed in Appellant's brief on the argument that probable cause did not exist for the stop as only swerving in his lane and a lane violation was observed.
 {¶ 31} This Court stated in State v. Williams, 5th
Dist. App. No. 2005CA00106, 2006-Ohio-14:
 {¶ 32} "It is well-settled law in Ohio that reasonable and articulable suspicion is required for a police officer to make a warrantless stop.Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. The reasonable and articulable standard is a lesser standard and not synonymous with the probable cause standard needed to place a person under arrest. Delaware v. Prouse (1979), 440 U.S. 648, 99 S.Ct. 1391,59 L.Ed.2d 660. As a general matter, determinations of both reasonable suspicion and probable cause should be reviewed de novo on appeal.Ornelas v. U.S. (1996), 517 U.S. 690, 116 S.Ct. 1657, 1663,134 L.Ed.2d 911.
 {¶ 33} "* * * Any traffic violation, even a de minimis violation, can form a sufficient basis upon which to stop a vehicle. State v.Lambert (August 20, 2001), Stark App. No. 2001CA00089. `The severity of the violation is not the determining factor as to whether probable cause existed for the stop.' State v. Weimaster (Dec. 21, 1999), Richland App. No. 99CA36."
 {¶ 34} See also, State v. Bennett, 5th Dist. App. No. 05CAA11069, 2006-Ohio-5530, as to an observed lane violation.
 {¶ 35} Therefore, the evidence as to the weaving and crossing the marked lane provided probable cause for the stop. Thereafter, the observances of the red and glassy eyes together with the odor of alcohol warranted the field sobriety tests. The arguments as to the lack of a basis for the stop and the tests are without merit.
 {¶ 36} Officer Spackey testified as to his training pursuant to the NHTSA Manual (Tr.55) and the conducting of the tests in accordance therewith.
 {¶ 37} Officer Spackey further testified as to the Appellant's performance.
 {¶ 38} As to the HGN test, Appellant showed four clues out of six as to an indication of alcohol impairment (Tr. 58).
 {¶ 39} On the one-leg stand, three out of four clues were exhibited. (Tr. 61).
 {¶ 40} Further, deficiencies were exhibited on the walk and turn. (Tr. 62).
 {¶ 41} In addition, the trial court and this Court has had the opportunity to view the video of the tests to corroborate this testimony.
 {¶ 42} We find compliance with the NHTSA standards and reject the Second Assignment of Error.
 III. {¶ 43} The Third Assignment asserts assistance by the Court to the State in the hearing. No objection as to such claimed assistance was made at trial. Therefore, the plain error standards must be examined.
 {¶ 44} Implementation of the plain error doctrine is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. Reichert v. Ingersoll (1985),18 Ohio St.3d 220, 223; State v. Long (1978), 53 Ohio St.2d 91. The plain error doctrine permits correction of judicial proceedings where error is clearly apparent on the face of the record and is prejudicial to the appellant. Reichert, supra at 223. See also: State v. Eiding (1978),57 Ohio App.2d 111. Although the plain error doctrine is a principle applied almost exclusively in criminal cases, the Ohio Supreme Court has stated that the doctrine may also be applied in civil causes, if the error complained of "would have a material adverse affect on the character and public confidence in judicial proceedings." Reichert,supra at 223, citing Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, 209; Yungwirth v. McAvoy (1972), 32 Ohio St. 2d 285, 288. Also, Crim. R. 52(B) provides: "(B) Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."
 {¶ 45} See also: State v. Long (1978), 53 Ohio St.2d 91; State v.Cooperrider (1983), 4 Ohio St.3d 226.
 {¶ 46} While the record does reveal that the court, perhaps in the interest of not wasting valuable time, did prod the prosecutor to get to the point, we see no prejudicial effect on Appellant in moving the case as the testimony would indicate whether or not a sufficient case was presented at the suppression hearing. (Tr. 5, 23, 25, 34).
 {¶ 47} Also, the prosecutor's statement, "I guess, is there any other, anything else I need to address as far as the actual breath test," (Tr. 34), and Appellant's connection indicating a response by the trial court in the brief even though the court's comment appeared 41 pages later, is difficult for this Court to discern that an intentional assistance to the State was provided.
 {¶ 48} As plain error must rise to the level that "but for the error, the outcome of the trial clearly would have been otherwise", State v.Long (1978), 53 Ohio St.2d 91, this Assignment is insufficient.
 {¶ 49} The Third Assignment is denied.
 {¶ 50} The judgment of the Fairfield County Municipal Court is affirmed.
By : Boggins, J., W. Wise, P.J., and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Municipal Court is affirmed. Costs assessed to Appellant.